In the Matter of the Probate of the Will of GABRIEL PASCAL, Deceased. VALERIE PASCAL et al., Appellants; MARIANNE Z. SPEELMAN, Respondent.

First Department, February 15, 1955.

*Harry Merwin* of counsel (*Margulies & Heit,* attorneys), for Valerie Pascal, appellant.

*Lionel S. Popkin* of counsel (*Hess, Mela, Segall, Popkin & Guterman,* attorneys), for Eugenio Lehel, appellant.

*Francis X. Stephens, Jr.,* of counsel (*William B. McKeown* with him on the brief; *Francis X. Stephens, Jr.,* attorney), for respondent.

*Per Curiam.* The paper offered for probate is a single-page instrument, handwritten and addressed to petitioner-respondent, who is not related by blood or marriage to decedent.

It reads as follows:

" To Zaya Kingman-Speelman
470 Park Avenue N. Y.
This is my will if I should die on this my trip to India you are my sol [*sic*] heiress.

Signed the 22 February 1954
GABRIEL PASCAL
in New — York City

Witnesses
Daisy Haang
K. T. Kan "

Decedent never made any trip to India on or subsequent to February 22, 1954. He died on July 6, 1954, at the Roosevelt Hospital in New York City after a prolonged illness. This was shown by the moving affidavit and by documentary evidence consisting of a copy of a death certificate. These facts are not disputed.

For the purpose of this appeal, it may be assumed that the paper writing was executed by decedent with the due formalities required by law. However, as the instrument offered for probate was to take effect only on condition that decedent died on " this my trip to India ", the document never became effective as a will, the condition never having occurred. (*Matter of Poonarian,* 234 N. Y. 329.) As there were left no triable issues of fact, the instrument should have been denied probate. The motion for summary judgment under rule 113 of the Rules of Civil Practice was properly made in the circumstances, for such rule applies to proceedings in Surrogates' Courts. (Surrogate's Ct. Act, § 316; *Matter of Fishkind,* 271 App. Div. 1013.)

The order should be reversed, the application for summary judgment granted and petition for probate should be dismissed. Settle order on notice.

PECK, P. J., COHN, BREITEL and BASTOW, JJ., concur.

Order unanimously reversed, the application for summary judgment granted and petition for probate dismissed. Settle order.