John D. Bennett, S.
The petitioner for letters of administration moves, pursuant to rule 113 of the Buies of Civil Practice, for summary judgment, striking out the answer which alleged that the decedent had left a valid will and objected to the issuance of letters of administration.
The pertinent provisions of the instrument, handwritten on a ‘ ‘ will form ’ ’, are as follows: ‘ ‘ First, after my lawful debts are paid, I give to my wife Mary Doepfer all my personal as well as all my real property wherever located together with any mixed property I may have.
‘11 hereby appoint my beloved wife executrix without bond of this my last will and Testament.
“In case of accidental and simultaneous instant death of both myself and my wife Mary Doepfer and in such case only do I direct my sister in law Mrs. Katherine Steitz of 253 Bast 78 St New York City to be the executrix without Bond of this my last will and Testament and give and bequeath to her all my personal as well as all my real property wherever located together with any mixed property I may have.”
The petitioner, citing Matter of Poonarian (234 N. Y. 329), contends that the entire will is conditioned on the ‘ ‘ accidental and simultaneous instant death ” of the decedent and his wife, and that that condition not having occurred, the will is invalid.
A motion pursuant to rule 113 of the Buies of Civil Practice may be brought in the Surrogate’s Court (Surrogate’s Ct. Act, § 316; Matter of Fishkind, 271 App. Div. 1013). (Quaere, however, whether it may be invoked by the petitioner in the instant proceeding, or whether it is available only to the objectant. Note that the applicable paragraph of the rule states ‘ ‘ When an answer is served * * * the complamt may be dismissed ”. Italics supplied.)
It is unnecessary, however, to determine the availability of the motion to the petitioner. Matter of Pascal (309 N. Y. 108, revg. the Appellate Division in 285 App. Div. 456, and reinstating the order of the Surrogate’s Ct.) held that a will is properly admitted to probate when the Surrogate is satisfied of the genuineness of the will and of the validity of its execution, regardless of the fact that the will may be wholly inoperative by reason of the invalidity of its dispositive provisions.
The Court of Appeals in the last-cited case said (309 N. Y. 108,114): “We think the Surrogate was correct in stating that the question of the effect of the alleged condition upon the validity of the will, as to which we express no opinion, should be *900 determined on the trial of the probate, or subsequently, in accordance with section 145 of the Surrogate’s Court Act For the reasons set forth above, the court denies the issuance of letters of administration at this time, pending the determination of the probate proceedings.
Settle decree on five days’ notice.