Maurice D. Isenbergh, S.
The objectant pursuant to rule 113 of the Rules of Civil Practice moved for summary judgment. The motion may be properly brought in Surrogate’s Court (Surrogate’s Ct. Act, § 316; Matter of Pascal, 309 N. Y. 108; Matter of Fishkind, 271 App. Div. 1013; Matter of Doepfer, 14 Misc 2d 898).
A preliminary examination of the three subscribing witnesses to the will was held in open court. The examination consisting of questions and answers was taken down in full by the official court stenographer. At that time Mr. Potts, one of the three subscribing witnesses, signed a formal deposition. Dr. Budnitz refused to sign and Mrs. Bristol, the third subscribing witness, was not asked to sign the deposition. It is the contention of the objectant that because Dr. Budnitz refused to sign and *195 Mrs. Bristol was not asked to sign the formal deposition that one of the requirements of section 141 of the Surrogate’s Court Act was not complied with. The pertinent part of section 141 reads as follows: ‘‘ Witnesses to be examined; proof required. Before a written will is admitted to probate, two, at least, of the subscribing witnesses must be produced and examined, if so many are within the state, and competent and able to testify. * * *. The proofs must be reduced to writing (emphasis supplied).
Before ruling upon the merits of the motion that question should be disposed of. It is true that in most of the Surrogates’ Courts a form furnished by the court and called a deposition is usually used upon the probate of a will but there is no provision of law which says such a form or one drawn by the attorney meeting the requirements of sections 10, 15 and 21 of the Decedent Estate Law is necessary and must be used. Is one to say that it is noncompliance with the statute when a subscribing witness in open court before an official stenographer is solemnly sworn to tell the truth and then answers in full the questions propounded to him by the attorneys for the objectant and for the proponent, and such questions and answers covering the requirements of these three sections are taken down, transcribed by the official stenographer and filed in Surrogate’s Court? I think not. Such a procedure in my opinion is a compliance with that part of section 141 which says the proofs must be reduced to writing.
In the briefs furnished by the attorneys much is made of the question as to whether affidavits are available to the objectant and also what is considered a document under rule 113 of the Rules of Civil Practice. It has been held in the Third Department that the depositions taken before trial are not such “ documents.” (Brennan v. Plattsburgh Pub. Co., 1 A D 2d 740.)
However, without resting this decision upon the technicalities of the law if all these were resolved in favor of the objectant, a review of the evidence convinces me that there are issues which should be determined upon a trial. It has been stated by the Court of Appeals that the occasion for granting summary judgment may be “rare” in a probate proceeding. (Matter of Pascal, 309 N. Y. 108, 113, supra). This is not one of those rare cases. The application for summary judgment is, therefore, denied.
Settle order on notice.