BENJAMIN SHAPIRO, Respondent, v. MARSTONE DISTRIBUTORS, INC., Defendant, and UNITED STATES STEEL CORPORATION (CERTIFIED INDUSTRIES DIVISION), Appellant.— In an action to recover rent under a lease, defendant United States Steel Corporation (Certified Industries Division) appeals from an order of the Supreme Court, Nassau County, entered April 29, 1971, which denied its motion *inter alia* to open its default in answering or appearing in the action, to vacate the default judgment entered against it and for leave to serve an answer to the complaint. Order reversed, with $10 costs and disbursements, and motion granted. Appellant's answer to the complaint shall be served within 20 days after entry of the order to be made hereon. We find that the failure of appellant to serve an answer was not willful and was excusable under the circumstances. In its proposed answer, appellant raises the defense that plaintiff as landlord entered upon and used and occupied its premises under lease for his own purposes and the purposes of his corporation, Commander Oil Corporation. Whether this defense is sufficient cannot be decided summarily at this time. Plaintiff is suing to recover rent due under the terms of the lease. Appellant, a successor to New Providence Corporation, which guaranteed the payment of rent, has standing to raise the defense, even though Marstone Distributors, Inc., the primary tenant, defaulted in this action and did not attempt to open its default. A surety is not bound by the default of the principal and may contest its liability to the indemnitee (*Aeschlimann* v. *Presbyterian Hosp.*, 165 N. Y. 296; *Brescia Constr. Co.* v. *Walart Constr. Co.*, 245 App. Div. 105). Plaintiff contends that the defense is not valid on its face, since the lease provides that no act by the landlord shall constitute an acceptance of a surrender of the premises or a waiver of the rent accruing thereafter under the lease. But the lease further provides that the landlord might relet the premises, in which event the rent received should be credited to the account of the tenant. At the pleading stage of the action, the validity of the defense cannot be determined conclusively, but should await development of the facts (cf. *Bedford Ice Palace* v. *Brooklyn Trust Co.*, 246 App. Div. 734; *Saracena* v. *Preisler*, 180 App. Div. 348, 354; *Schmidt* v. *Vahjen*, 143 App. Div. 479, 480–481). Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur.