■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v E. W. SMITH COMPANY, Respondent. — Judgment, Supreme Court, New York County (Grossman, J.), entered on June 26, 1981, unanimously affirmed, for the reasons stated by Grossman, J., at Trial Term. Respondent shall recover of appellant $75 costs and disbursements of this appeal. Concur — Kupferman, J. P., Carro, Lupiano, Silverman and Lynch, JJ.

■ In the Matter of the Estate of JACOB FALK, Deceased. JULIUS ZIZMOR, as Executor of BETTY FALK, Deceased, Appellant; BENJAMIN FALK, as Executor of JACOB FALK, Deceased, et al., Respondents. — Decree, Surrogate's Court, New York County (Midonick, J.), entered on January 12, 1981, unanimously affirmed, on the opinion of Midonick, J. Respondents shall recover of appellant $75 costs and disbursements of this appeal. Concur — Birns, J. P., Sandler, Markewich, Bloom and Fein, JJ.

## (December 8, 1981)

■ DURABLE GROUP, INC., Respondent, v MICHAEL DE BENEDETTO et al., Appellants, et al., Defendants. — Order of the Supreme Court, New York County (Maresca, J.), entered May 1, 1981, which granted plaintiff-respondent's motion for summary judgment, modified, on the law and the facts, to the extent of vacating the judgment and denying plaintiff's motion, and, otherwise, affirmed, with costs. Plaintiff-respondent seeks to foreclose on a mechanic's lien in the sum of $42,900 filed for construction work performed for Fratorium, Inc., the defaulting tenant. Defendants-appellants wish to interpose counterclaims based on their position as owners of the premises and guarantors for Fratorium of the construction contract, pursuant to a written modification agreement executed January 29, 1979. There are sufficient triable issues of fact so that summary judgment should not be granted. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Marshall, Bratter, Greene, Allison & Tucker v Mechner, 53 AD2d 537.) As either guarantor or surety, appellants are entitled to assert any defenses or counterclaims that were available to the principal obligor, Fratorium, Inc. (Walcutt v Clevite Corp., 13 NY2d 48, 56), and may contest their liability under the gurantee agreement inasmuch as they are not bound by the default of the principal. (Shapiro v Marstone Distrs., 38 AD2d 604; 57 NY Jur, Suretyship and Guaranty, § 240 et seq.) Allegations of economic duress and coercion go to the very essence and validity of the modification agreement signed by the appellants. (Austin Instrument v Loral Corp., 29 NY2d 124; see, also, Taylor & Jennings v Bellino Bros. Constr. Co., 57 AD2d 42.) The fact that respondent seeks to foreclose against the property owned by the appellants and avoid any claims of setoff by the now defunct Fratorium company should not bar the appellants, as guarantors of the agreement, from interposing as a defense a right of setoff against the lienors. Concur — Murphy, P. J., Kupferman, Sandler, Lupiano and Bloom, JJ.