■ ANTI-HYDRO COMPANY, INC., Respondent, v ANTHONY CASTIGLIA, Appellant. — Judgment unanimously reversed, on the law and facts, with costs, and complaint dismissed. Memorandum: Defendant established T. C. Supply & Rentals, a sole proprietorship, by filing a business certificate in the Chautauqua County Clerk's office on December 4, 1975. Thereafter he commenced purchasing certain materials from plaintiff. On March 29, 1976, at the request of plaintiff, defendant forwarded to plaintiff a letter signed by him, and duly notarized, stating the following: "In consideration of the agreement by the Anti-Hydro Company to ship merchandise on open account, at their request to: T. C. Supply and Rentals, 156 Newton Street, Fredonia, NY, 14063, the Undersigned Parties do hereby agree that they will personally guarantee the payment of all Anti-Hydro invoices by due date, and if the above named purchaser, T. C. Supply and Rentals fails to make payment of such invoices, the Parties Undersigned will individually or collectively make payment of same. This guarantee will be continued until the Undersigned Parties shall notify the Anti-Hydro Company in writing of its termination, when and after full payment of account has been made." In December, 1976 defendant's wife formed a corporation named Fredonia T. C. Supply and Rentals, Inc. Defendant was not an incorporator, director or stockholder of the corporation, but he acknowledged serving as "part-time manager." Thereafter plaintiff sold materials on credit to the corporation. All purchases made by the sole proprietorship prior to January 1, 1977 were paid for in full and all purchases thereafter were made by the newly formed corporation. In this brief trial, plaintiff's bookkeeper at least twice acknowledged that plaintiff was aware from and after January, 1977 that its credit transactions were with the corporation. The purchases for which judgment was first recovered against the corporation were made between June 30, 1978 and August 29, 1978. That judgment was not paid and plaintiff then brought this action premised upon defendant's purported "guarantee." The trial court held that it would be inequitable to relieve the defendant of his obligation under the "guarantee" because: (1) the change from sole proprietorship to a corporation was *de minimis;* (2) there was no significant change in the operations and management of the company; and (3) defendant failed to fulfill his obligation to give plaintiff written notice of termination of the guarantee. We reverse. Under suretyship principles, a

guarantor relationship arises when one party becomes bound to satisfy an obligation owed by another. "The principal debtor, of course, is not a party to the guaranty, and the guarantor is not a party to the principal obligation, with the result that a suretyship or other contract is not a guaranty unless there is a primary or principal obligation to which the surety's agreement is collateral." (57 NY Jur, Suretyship and Guaranty, § 15, pp 206-207.) Since a sole proprietor is personally liable for his business debts, the letter purporting to guarantee payment of debts of the sole proprietorship was nothing more than a promise by defendant that he would pay debts which he personally incurred. It is not a promise to pay the debts of another. Even if we were to view the writing as a valid guarantee, it would not bind defendant to pay debts of the corporation. It is well settled as a general rule that a guarantee does not extend to a subsequent entity if there has been a true change in the composition or structure of the enterprise (57 NY Jur, Suretyship and Guaranty, § 314). Here, a new corporate entity was created in which defendant was not a shareholder, officer or director. There was a distinct change in identity; a new name was adopted and new and different checks, invoices and stationery were used. The change to corporate character was so obvious that plaintiff concedes it was aware that it was doing business with a corporation. Plaintiff claims, and the court found, that defendant should be estopped from using the cloak of the corporate entity to relieve himself of liability on his written promise. There is no evidence here, however, of a representation made by defendant upon which plaintiff relied to its detriment; thus there is no basis for an estoppel (see *Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175). Defendant's written promise related only to the debts of the sole proprietorship and it would be wholly unreasonable to conclude that plaintiff relied upon that promise as guaranteeing payment of the corporate debts when plaintiff was knowingly transacting business with the corporation. (Appeal from judgment of Chautauqua County Court, Cass, J. — guarantor of default judgment.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.