OPINION OF THE COURT
Rose L. Rubin, J.
In this action to enforce a payment guarantee between plaintiff and defendant, defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (10) for failure to join necessary parties, or, in the alternative, for a stay of this action pursuant to CPLR 2201. The issue raises important questions, particularly since adjudication of commercial obligations in a speedy and certain fashion is a hallmark of New York’s central position as a leader in matters of commercial law.
i
Both plaintiff and defendant are factors. Pursuant to a factoring agreement entered into between Grunner Textiles, Inc. (Grunner), a California corporation, and plaintiff on January 7, 1981, plaintiff purchased all rights, title and interest to *727 Grunner’s present and future accounts receivable arising during the period of contract. On November 25, 1981, defendant entered into a contract with Paul Rothman Industries, Ltd. (Rothman), a New York corporation, wherein defendant agreed to act as Rothman’s factor. At that time, Paul Roth-man Export Co. (Rothman Export) and Paul Rothman, president and principal shareholder of Rothman and Rothman Export, executed joint and several guarantees in favor of the defendant, guaranteeing all debts and obligations of Rothman then and thereafter owing to the defendant. Rothman and Paul Rothman executed similar guarantees in favor of defendant with respect to Rothman Export.
In or about November 1983, Grunner contracted with Roth-man to sell to Rothman more than one million yards of various textiles according to sample or specification of a purchase order. Rothman was to pay $595,000 for the merchandise, of which a $10,000 down payment was made. By letter dated November 22, 1983, defendant, as Rothman’s factor, guaranteed payment to the plaintiff, Grunner’s factor, of that purchase order. The guarantee was expressly conditioned upon the delivery of the merchandise according to sample or specification and in accordance with all material provisions of the underlying purchase order.
After Grunner delivered the merchandise to Rothman, a dispute arose as to whether that merchandise was in conformity with the material provision of the purchase order. Claiming that the merchandise did not conform to the sample specifications, Rothman, by letter dated December 15, 1983, instructed defendant to refrain from making any payments pursuant to the guarantee between defendant and plaintiff.
Rothman also notified plaintiff, by letter dated December 20, 1983, that the delivery violated the material provisions of the purchase order. Plaintiff requested that defendant furnish it with an explanation of those violations. Defendant did not respond to this inquiry. However, in a letter to Grunner dated January 6, 1984, Rothman specified the violations and the damages that it alleged resulted therefrom. The letter contained a notation that copies were to be sent to plaintiff and defendant. By letter dated January 24, 1984, plaintiff demanded immediate payment from defendant.
ii
In early 1984, Rothman commenced an action in the United *728 States District Court for the Southern District of New York against Grunner seeking damages for Grunner’s alleged failure to deliver merchandise in conformity with the purchase order. Grunner counterclaimed for the balance of the purchase price in the amount of $585,000. The plaintiff and the defendant herein, both of which are New York corporations, are not parties to that action and cannot be joined as parties. Joinder of two New York corporations would dissolve the Federal court’s diversity jurisdiction. On April 25, 1984, the United States District Court issued an order prohibiting any transfer of the merchandise pending the filing of a report by the Special Master appointed by the court to take evidence upon the issues raised in that action.
On July 23, 1984, Rothman filed a voluntary petition, pursuant to Bankruptcy Reform Act, chapter 11 (11 USC § 1101 et seq.) in the United States Bankruptcy Court for the Northern District of Georgia. One result of the filing was to stay the Federal action. Thereafter, in September 1984, plaintiff commenced the instant action. No disposition of the claim against Rothman has taken place in the bankruptcy proceeding.
ill
Defendant contends that Rothman, Grunner, and Paul Rothman are necessary parties and that failure to join them warrants a dismissal of the complaint. CPLR 1001 (a) provides, in pertinent part, that "[pjersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants.” It is plaintiff’s position that since it seeks only to enforce the guarantee of a third party, those entities are not necessary parties.
A guarantee is a contract separate from and independent of the underlying contracts (Shire Realty Corp. v Schorr, 55 AD2d 356 [2d Dept 1977]). It may impose lesser or even greater collateral responsibility on the guarantor (American Trading Co. v Fish, 42 NY2d 20 [1977]). The principal debtor is not a party to the guarantee nor is the guarantor a party to the underlying contract (Anti-Hydro Co. v Castiglia, 92 AD2d 741 [4th Dept 1983]). Indeed, the specific purpose of a guarantee is to give the beneficiary recourse separate from any action against the principal debtor and it is not unusual for the beneficiary of a guarantee to sue a guarantor alone *729 (Walcutt v Clevite Corp., 13 NY2d 48 [1963]). Since the only issue is defendant’s liability under the guarantee, neither Rothman, Paul Rothman nor Grunner are necessary parties herein.
While Rothman may have various obligations to Grunner or to plaintiff with respect to the contract with Grunner, defendant’s obligations are solely those of a guarantor. Its responsibilities differ from those of Rothman and are collateral to the contract (American Trading Co. v Fish, 42 NY2d 20, supra).
Inasmuch as the guarantee and the underlying contract are two separate agreements, the defenses which may be asserted may differ. Thus Walcutt v Clevite Corp. (13 NY2d 48, supra) held that a guarantor, when sued, may not plead as a defense a separate cause of action of the principal debtor against the plaintiff, but the guarantor may assert any defenses or counterclaims which are available to the principal obligor. Nor do bankruptcy proceedings against a principal debtor affect a guarantor’s obligations under its guarantee (Wood Prods. v Kores, 81 AD2d 830 [2d Dept 1981]).
True, plaintiff’s claim obligates it to prove that Grunner has performed its contract and Rothman has breached its obligations under that contract. But proof of this character is inherent in any action on a guarantee where the plaintiff sues to compel payment because the guarantor’s principal has failed to do so. (See, Durable Group v De Benedetto, 85 AD2d 524 [1st Dept 1981].) The definition of necessary party has been strictly construed. It is limited to those cases where the court’s determination would adversely affect the rights of the nonparties (Matter of Castaways Motel v Schuyler, 24 NY2d 120 [1969], rearg granted 25 NY2d 896 [1969], adhered to on rearg 25 NY2d 692 [1969]; Henshel v Held, 13 AD2d 771 [1st Dept 1961]; Bergdorf Goodman, Inc. v Marine Midland Bank, 97 Misc 2d 311 [Civ Ct. NY County 1978]). This narrow construction comports with the courts’ function to provide a forum for the economical and swift adjudication of disputes.
In this case, the absence of Rothman, Paul Rothman and Grunner as parties will not adversely affect their rights or those of the parties as between themselves. The conjecture that an adjudication may collaterally estop a nonparty to this action in a different litigation does not render such nonparty an indispensable party in this litigation. Defendant, as well as Rothman, Paul Rothman and Grunner, may avail itself of a variety of options if it fears a decision without the participa *730 tion of those it seeks to have declared necessary parties. At the least, defendant may call all or any of the three as witnesses. Defendant may implead them (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1007:2, p 33, C1007:3, p 35) or vouch them in (op. cit., C1007:1, p 31). Defendant may also seek, in the Bankruptcy Court, a vacatur of the automatic stay which applies to suits against the bankrupt. Conversely, Rothman, Paul Rothman and Grunner can move to intervene. Inasmuch as defendant and the other entities have refrained from joining or seeking to be joined, the court will not complicate or delay this litigation by granting the motion for the very action which the parties themselves have refrained from taking.
Accordingly, defendant’s motion to dismiss the complaint is denied.
IV
Defendant’s motion for a stay is also denied. No principle of comity or otherwise requires the exercise by this court of its discretion. Only where there is a complete identity of parties, cause of action and remedy should a stay be granted (Hope’s Windows v Albro Metal Prods. Corp., 93 AD2d 711 [1st Dept 1983]; Medical Malpractice Ins. Assn. v Methodist Hosp., 64 AD2d 558 [1st Dept 1978]). No such identities obtain here. Accordingly, defendant’s motion for a stay pending adjudication of the Federal action is denied (Pierre Assoc. v Citizens Cos. Co., 32 AD2d 495 [1st Dept 1969]).