■ MID-ISLAND SHOPPING PLAZA Co., Appellant and Fourth-Party Defendant, v RONALD CUTLER, Defendant and Third-Party Plaintiff-Respondent. CAROL JEWELERS OF MID-ISLAND, INC., et al., Third-Party Defendants and Fourth-Party Plaintiffs-Respondents.—In an action to recover rent on a written guarantee of a lease, plaintiff landlord appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated January 10, 1984, which denied its motion for summary judgment and further denied its motion to dismiss the fourth-party complaint of Carol Jewelers of Mid-Island, Inc. (Carol Jewelers) and Charles Weiner.

Order modified, on the law, by deleting the provision thereof which denied those branches of plaintiff's motion which were

for summary judgment on its first cause of action and for a severance thereof and substituting therefor a provision granting those branches of the motion and thereupon directing the clerk of the Supreme Court, Nassau County, to enter judgment in favor of the plaintiff and against the defendant in the sum of $16,349.51, together with interest from February 15, 1983. As so modified, order affirmed, with costs to plaintiff, and matter remitted to the Supreme Court, Nassau County, for entry of an appropriate judgment.

Third-party defendant Carol Jewelers, whose rental obligation was guaranteed by defendant Ronald Cutler, did not appear in a nonpayment summary proceeding instituted in the District Court, County of Nassau, First District, resulting in a default judgment for rents due in the amount of $16,349.51 covering the months of December 1982 and January 1983. Thereafter plaintiff landlord instituted the instant suit against defendant on his guarantee asserting two causes of action. The first cause of action sought the recovery of rent due and owing by virtue of the aforesaid judgment against Carol Jewelers. The second cause of action sought to recover additional rent in the amount of $425,217.51 premised upon Carol Jewelers' alleged wrongful abandonment of the premises.

Defendant Cutler instituted a third-party action against Carol Jewelers and Weiner seeking indemnity therefrom. Carol Jewelers and Weiner, in turn, interposed a fourth-party complaint against plaintiff landlord alleging acts so reckless and wanton as to result in a breach of the landlord's covenant of quiet enjoyment. Plaintiff landlord then sought summary judgment on its first and second causes of action against defendant on the guarantee, and further sought an order dismissing the fourth-party complaint as barred by res judicata.

In support of its motion for summary judgment on the first cause of action against defendant Cutler, plaintiff produced the lease and the guarantee, and alleged that the premises were abandoned and rent was due and owing for the months of December 1982 and January 1983, that said rent had not been paid, and that a default judgment had been obtained against the tenant Carol Jewelers for said rent which was unsatisfied. As to the second cause of action for additional rent, plaintiff argued that the District Court judgment obtained against Carol Jewelers foreclosed defendant from relitigating the issues of rent allegedly due and the alleged wrongful abandonment of the premises by Carol Jewelers. Further,

plaintiff landlord argued that the fourth-party complaint interposed by Carol Jewelers was barred by res judicata since Carol Jewelers had defaulted in the District Court.

Special Term denied plaintiff's motion in its entirety. The court held that the default judgment obtained by plaintiff against the tenant did not bar the guarantor's subsequent litigation of his liability under the guarantee. Special Term also denied plaintiff's motion to dismiss the fourth-party complaint as barred by res judicata. The court reasoned that since paragraph 48 of the lease precluded the tenant from raising counterclaims in a nonpayment summary proceeding, the default judgment obtained by plaintiff for overdue rent did not bar the subsequent assertion of the claim by the tenant.

Although a guarantor is generally entitled to assert any defenses or counterclaims available to the principal-obligor (*Durable Group v De Benedetto,* 85 AD2d 524), and may contest his liability under the guarantee even in the event of the principal's default, as occurred at bar (*Shapiro v Marstone Distrs.,* 38 AD2d 604), defendant guarantor has, nevertheless, failed to raise any facts or evidentiary support in opposition to plaintiff's motion for summary judgment with respect to the first cause of action for rent due. It is well settled, of course, that to defeat summary judgment the opponent must present facts sufficient to raise a triable issue of fact (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Defendant guarantor, in opposition to plaintiff's motion for summary judgment, merely stated that he stood in the shoes of the tenant obligor, Carol Jewelers, and that he would adopt its opposition papers. Carol Jewelers' opposition to the motion by plaintiff to dismiss its fourth-party complaint, adopted by defendant as his sole defense to the motion for summary judgment, did not in any way dispute the claim for rent due as set forth in the first cause of action. Rather, Carol Jewelers asserted a claim for breach of the landlord's covenant of quiet enjoyment and argued that its default in the prior summary proceeding could not bar the present assertion of the counterclaim since the lease explicitly foreclosed it from raising counterclaims therein. Accordingly, since plaintiff has discharged its burden to set forth evidentiary facts sufficient to warrant judgment in its favor as a matter of law on the first cause of action and since defendant has offered no facts in opposition thereto, plaintiff is entitled to judgment thereon.

There exists, however, a question of fact with respect to the second cause of action, which seeks additional rent in the amount of $425,217.51, based upon Carol Jewelers' alleged

wrongful abandonment of the premises. Carol Jewelers contends, in an argument adopted by defendant, that its vacating of the premises was not, in fact, wrongful and that the wanton and reckless acts of the plaintiff landlord breached the covenant of quiet enjoyment, forcing Carol Jewelers to discontinue its business. In response, plaintiff merely argued that, as to Carol Jewelers, the claim was barred by res judicata and that defendant was foreclosed from raising the claim since the judgment obtained against Carol Jewelers was conclusive as to him on the issues of rent due and the alleged wrongful abandonment of the premises.

As guarantor, however, defendant may assert any defenses or counterclaims that were available to the principal, Carol Jewelers (*Durable Group v De Benedetto*, 85 AD2d 524, *supra; Shapiro v Marstone Distrs.*, 38 AD2d 604, *supra*). Moreover, the District Court judgment sued on did not determine that Carol Jewelers' vacating of the premises was wrongful; it merely awarded overdue rent and possession of the premises to plaintiff landlord. Accordingly, since there exists a triable issue of fact with respect to the claim based upon Carol Jewelers' alleged wrongful abandonment of the premises, denial of summary judgment was proper as to the second cause of action.

Finally, the judgment obtained against Carol Jewelers in the summary nonpayment proceeding is not res judicata as to its fourth-party complaint based upon an alleged breach of the covenant of quiet enjoyment. By virtue of paragraph 48 of the lease Carol Jewelers was precluded from asserting its counterclaim in the prior summary nonpayment proceeding. Moreover, lease provisions precluding a commercial tenant from asserting counterclaims in a summary proceeding to recover rent have been consistently upheld (*Bomze v Jaybee Photo Suppliers*, 117 Misc 2d 957, 958; *cf. Lana Estates v National Energy Reduction Corp.*, 123 Misc 2d 324, 327; *Randall Co. v Lobel Photography*, 120 Misc 2d 112, 113). Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.