■ FAIRBANKS COMPANY, Respondent, v SIMPLEX SUPPLY COMPANY, INC., Appellant.—Mikoll, J. Appeal (1) from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered February 5, 1986 in Broome County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff sued defendant for moneys due for the sale of goods delivered and retained by defendant. The complaint demanded $10,190.21 plus interest. Defendant interposed a verified answer in which it alleged that plaintiff solicited defendant to become a distributor for plaintiff and then discontinued the manufacture of goods delivered to defendant, causing demand for those goods to fall and reducing their value to scrap. Defendant sought credit in an amount equal to the full diminution in the value of goods.

Plaintiff moved for summary judgment, which was granted by Special Term. Defendant argues on this appeal that Special Term erred in finding that defendant failed to sustain its burden of defeating the motion for summary judgment and that the court should have considered defendant's verified answer as an affidavit in the context of summary judgment. Defendant also argues that Special Term abused its discretion in denying defendant an adjournment.

While a defendant's verified answer may fulfill the function of an answering affidavit, we find that the answer here was insufficient to defeat a motion for summary judgment. The answer proffers nothing more than general denials and a general affirmative defense. There are no evidentiary facts offered in support thereof. Accordingly, Special Term properly found that defendant failed to establish that any genuine issue of fact exists and appropriately granted summary judgment to plaintiff.

Nor do we find any abuse of discretion in the court's denial of a continuance to afford defendant an opportunity to prepare for the motion. Defendant has failed to set forth the merits of its defense which would have justified granting an extension of time.

Order and judgment affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.