◼ Robert A. Phillips, Respondent-Appellant, v Walter E. Baird et al., Appellants-Respondents, and Town of Wayland, Respondent. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Supreme Court erred in denying the motions of defendants Walter and Joanne Baird and the Town of Wayland for summary judgment dismissing the complaint against them in its entirety. The court also erred in denying the Bairds' summary judgment motion seeking dismissal of the cross claims asserted against them by the Town of Wayland. These parties established by the tender of evidentiary proof in admissible form that the accident site was on private property owned by the

Bairds, thus warranting "the court as a matter of law in directing judgment in [their] favor" (CPLR 3212 [b]; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067). Plaintiff, on the other hand, failed to demonstrate "by producing evidentiary proof in admissible form" *(supra,* at 1067-1068) that a triable question of fact exists on this issue. The exhibit annexed to an attorney's affidavit which purports to be "a record apparently maintained in the town highway department files" constitutes hearsay, is conclusory and may not form the sole basis to defeat defendants' summary judgment motion *(see, Friends of Animals v Associated Fur Mfrs., supra; Wertheimer v New York Prop. Ins. Underwriting Assn.,* 85 AD2d 540).

The court properly granted the Bairds' motion dismissing plaintiff's second cause of action predicated upon the express exclusion of liability contained in General Obligations Law § 9-103 *(see, Ferres v City of New Rochelle,* 68 NY2d 446). Plaintiff failed to offer evidence raising an issue of fact with respect to his claim that the Bairds acted willfully or maliciously in placing the cable across the private road on their property.

The court erred in denying summary judgment to the Town of Wayland dismissing the second cause of action against it. The town had a duty to post a dead-end sign within 100 feet from the termination point of Kiesel Road, a public highway *(see,* General Municipal Law § 125-a). The town, however, has established, on this record, that the absence of a dead-end sign at the terminus of Kiesel Road was not a proximate cause of plaintiff's injuries *(see, Koester v State of New York,* 90 AD2d 357). Plaintiff testified at his examination before trial that while operating a three-wheel all-terrain vehicle, "[y]ou can't be looking around", that "[y]ou gotta concentrate on where you're going", that he "concentrate[d] on the roadway, the conditions" and that he did not look around to see whether any signs were posted.

To the extent that plaintiff alleges in his second cause of action a duty that would require the town to warn of or correct a condition on the property of another, that claim lacks merit *(see, e.g., Turcotte v Fell,* 68 NY2d 432, 442; *Scurti v City of New York,* 40 NY2d 433; *Basso v Miller,* 40 NY2d 233, 241). (Appeals from order of Supreme Court, Steuben County, Finnerty, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.