■ In the Matter of the Estate of DONALD COONS, Deceased. PATRICIA COONS, Appellant; DOROTHY DREW, as Executrix of DONALD COONS, Deceased, Respondent.—Yesawich, Jr., J. Appeal from a decree of the Surrogate's Court of Columbia County (Leaman, S.), entered February 22, 1989, which partially granted respondent's motion to dismiss the petition seeking revocation of the letters testamentary issued to her.

Petitioner, decedent's widow, brings this proceeding under SCPA 711 (2) to have respondent, decedent's sister, removed as executrix of decedent's estate. Four grounds for removal are advanced, two of which are at issue on this appeal.

One of the grounds upon which petitioner relies is the fact that respondent intends to honor an allegedly abandoned stock repurchase agreement. In 1985, the two shareholders of Taconic Diners, Inc., decedent and respondent, entered into an agreement providing for the mandatory sale and transfer of the deceased shareholder's shares to the corporation for $150,000. The agreement contained no termination clause. The same day the repurchase agreement was signed, decedent executed his last will and testament which adverts to the stock repurchase agreement and provides detailed instructions as to how and to whom the $150,000 is to be distributed.

In the spring of 1987, decedent and respondent attempted to sell the business to a former employee, but were unable to do so because of his inability to secure financing. Several months later decedent died, his will was admitted to probate and in accordance therewith respondent was appointed executrix of the estate. Petitioner contends that despite abandonment of the stock repurchase agreement, respondent intends to convey decedent's Taconic Diners, Inc. stock to the corporation, of which she will then be the sole shareholder, thereby unjustly enriching herself at the estate's expense; the stock is assertedly worth $225,000 more than the repurchase price.

As an additional reason for removing respondent, petitioner points to the latter's failure to pay property damage insurance policy premiums when due. The policy lapsed leaving an

apparently significant asset of the estate uninsured for several months. With respect to these two reasons, respondent's motion to dismiss the petition was granted, prompting petitioner to appeal.

As SCPA 711 and those sections relating thereto do not delineate the procedure to be employed by which an executrix may challenge the sufficiency of a removal petition, the CPLR governs this proceeding (see, SCPA 102, 711). Accordingly, it is necessary to determine whether respondent's motion is one for judgment on the pleadings (see, CPLR 3211 [a]) or summary judgment (see, CPLR 3212; see, e.g., Matter of Pascal, 285 App Div 456, 457, revd on other grounds 309 NY 108). Since respondent submitted an answer and accompanying affidavits and petitioner submitted responding affidavits, we consider respondent's motion as one seeking summary judgment (cf., Matter of Board of Educ. v State Educ. Dept., 116 AD2d 939, 940). Viewed in this context, the motion insofar as the abandonment issue is concerned was properly granted.

Petitioner's contrary assertion notwithstanding, decedent and respondent's aborted attempt to sell their business to their former cook does not compel a finding that they intended to forego the stock purchase agreement in the event that particular sale did not come to pass (see, e.g., Staebell v Bennie, 83 AD2d 765). The only support offered for petitioner's conclusory assertion that the repurchase agreement had been abandoned is a statement, which petitioner maintains respondent purportedly made to decedent who in turn repeated it to petitioner, that "the buy/sell is out; the diner is worth three times what it was worth when we signed that". Not only is this statement inadmissible hearsay (see generally, Richardson, Evidence § 200, at 176 [Prince 10th ed]), but its admission would violate the Dead Man's Statute (see, CPLR 4519). Other than petitioner's factually unsupported and self-serving conclusory allegation, there is no admissible evidence that the repurchase agreement was ever mutually abandoned (see, Polyglycoat Center v Arace's Ford, 126 AD2d 844, 845; see also, Fairbanks Co. v Simplex Supply Co., 126 AD2d 882; Matter of Goulden, 41 AD2d 684, 685); mere conclusory statements without factual substantiation are insufficient to withstand summary judgment.

In contrast, respondent's undenied failure to provide property damage insurance coverage does present a material disputed fact issue. Respondent claims petitioner received the premium notices but neglected to forward them to her, and, upon discovering the lapse, respondent had the coverage rein-

stated. In response, petitioner submitted her attorney's affidavit, based on personal knowledge, that he forwarded the payment notice on June 8, 1988 to respondent's attorney, two weeks before the June 23, 1988 due date. While respondent maintains she was unaware of this correspondence, this does not vitiate the existence of a triable issue of fact precluding summary judgment of this issue.

We find petitioner's other arguments, which have also been examined, lacking in merit.

Decree modified, on the law, without costs, by reversing so much thereof as granted the motion and dismissed that portion of the petition seeking to remove respondent for failing to maintain insurance on the real property; said motion denied and petitioner is allowed a reasonable opportunity to conduct discovery on this issue; and, as so modified, affirmed. Kane, J. P., Yesawich, Jr., and Levine, JJ., concur.

Casey and Mikoll, JJ., concur in part and dissent in part in a memorandum by Casey, J. Casey, J. (concurring in part and dissenting in part). Because we find no abuse of discretion by Surrogate's Court in the dismissal of those two claims (now here on appeal) which seek removal of respondent, the decree appealed from should, in our view, be affirmed.

In regard to the first claim, we agree with the majority that it lacked a valid basis for removal of respondent. As to the second claim, however, we believe that the discretion of Surrogate's Court was not abused in also dismissing it summarily for insufficiency. Conceding that respondent did fail to provide property damage insurance coverage for a time because she claimed the notices of premiums were not forwarded to her by petitioner, the fact remains undisputed that such coverage had been provided and was in place at the time of the filing of the petition. Therefore, contrary to the majority's conclusion, there was no reason to consider the application as a motion for summary judgment and deny it, and to remit for further discovery in respect to this claim. Nor was there any reason to hold a hearing under SCPA 713 on that issue, for the underlying facts were admitted. Accepting those facts as established, Surrogate's Court, in the proper exercise of its discretion, refused to remove respondent (see, Matter of Simon, 44 AD2d 570). Since respondent was designated by decedent as a person to whom letters testamentary should be issued, the power of the court to revoke those letters should be exercised sparingly (see, Cooper v Jones, 78 AD2d 423, 429; Matter of Israel, 64 Misc 2d 1035, 1043).

Surrogate's Court properly found no merit in either contention and the decree appealed from should be affirmed in all respects.