■ NANCY A. GARDNER, Individually and as Administratrix of the Estate of AUSTIN SERSON, Deceased, Appellant, v ANNE M. ETHIER, Individually and as Executrix of WILLIAM J. ETHIER, Deceased, Respondent, et al., Defendants.—Harvey, J. Appeal from that part of an order of the Supreme Court (Conway, J.), entered February 6, 1990 in Albany County, which granted defendant Anne M. Ethier's motion for summary judgment dismissing the complaint against her.

On September 2, 1985, the moped driven by plaintiff's decedent, Austin Serson, and the automobile driven by defendant Anne M. Ethier (hereinafter defendant) collided on Wade Road near its intersection with Old Niskayuna Road in the Town of Colonie, Albany County. Just prior to the accident, defendant had been driving her car in a southerly direction on Wade Road toward its intersection, while decedent was traveling westbound on Old Niskayuna Road in preparation for making a right-hand turn into the northbound lane of Wade Road. Decedent died as a result of injuries sustained in the accident and plaintiff commenced this action alleging, among other things, that defendant negligently operated her vehicle and that this negligence contributed to decedent's death. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against her. This motion was granted and plaintiff now appeals.

We affirm. The standard to be considered on a summary judgment motion is well known. A party moving for summary judgment must set forth evidentiary facts sufficient to entitle

that party to judgment as a matter of law (CPLR 3212 [b]). Only when that initial requirement is met does the burden then shift to the opposing party to demonstrate, by admissible proof, the existence of a triable issue of fact (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Here, defendant satisfied her initial burden by tendering, in support of her motion, such items as the police report, photographs of the location of her car following the accident, and sworn affidavits from herself and her daughter, a passenger in defendant's car at the time of the accident. These affidavits aver that, prior to the collision, defendant was traveling southbound on Wade Road at approximately 25 miles per hour. The police report states that the area is posted as a 30 mile-per-hour speed zone. When defendant first observed decedent, she stated that he was about to make a right-hand turn from Old Niskayuna Road to travel north onto Wade Road. However, according to defendant and her daughter, the moped made such a wide right turn it never entered the northbound lane but instead entered the southbound lane toward defendant's vehicle. Although defendant stated that she pulled to the right shoulder of the road as far as she could in order to avoid the oncoming moped, it struck the left front corner of her vehicle. Decedent then rolled off the left side of the hood of the car and landed in front of defendant's vehicle. Taken together, the proof submitted by defendant in admissible form sufficiently established her entitlement to judgment as a matter of law.

In contrast, all that plaintiff submitted in opposition to defendant's motion was an attorney's affidavit not based on first-hand knowledge and an expert affidavit from a professional engineer. In the expert affidavit, the engineer stated that he viewed the accident scene within 24 hours after the accident and, based on his observation of the road, his review of the police report and interviews with unspecified postaccident witnesses, it was his opinion that the accident was caused by defendant driving "close to the center of the road" at a "speed in excess of 25-30 miles per hour". However, as noted by Supreme Court, even if the expert's assertions could be taken at face value they could not establish liability on the part of defendant since it is not generally negligent to drive at the posted speed limit close to the center of the lane as long as the yellow line is not crossed. Additionally, the expert affidavit is also inadmissible because it is conclusory and the views are apparently based to a great extent on hearsay statements from unspecified witnesses as well as upon specula-

tions on the part of the expert *(see, Matter of Coons,* 161 AD2d 930, 931; *Phillips v Baird,* 156 AD2d 998, 999, *lv denied* 75 NY2d 711). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat a summary judgment motion *(Zuckerman v City of New York,* 49 NY2d 557, 562, *supra).* Plaintiff attempts to invoke the lesser standard of proof applicable in death cases. However, in cases such as this one where there is no showing in the first instance of facts from which negligence may be inferred, the lesser standard is inapplicable *(see, Mildner v Wagner,* 89 AD2d 638).

Order affirmed, with costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.