■ ALBANY SAVINGS BANK, FSB, Respondent, v SEVENTY-NINE COLUMBIA STREET, INC., et al., Appellants, and MARGARET T. McGINN, Respondent. (And a Third-Party Action.) [603 NYS2d 72] —Mercure, J. Appeal from a order of the Supreme Court (Keegan, J.), entered April 24, 1992 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment.

On January 6, 1989, Arthur McGinn, Jr. (hereinafter decedent) and defendant Seventy-Nine Columbia Street, Inc. (hereinafter the corporation), a business enterprise controlled by defendants Daniel T. Coxeter and Susan J. Coxeter, took title, as tenants in common, to a vacant lot at 29 Chapel Street in the City of Albany, to use as a parking facility for McGinn's and the Coxeters' respective law offices. On February 17, 1989, decedent, his wife, defendant Margaret T. McGinn (hereinafter McGinn), the Coxeters and the corporation executed a promissory note and decedent and the corporation executed a mortgage to plaintiff evidencing indebtedness of $50,000 and pledging the property as security therefor. On April 26, 1990, decedent conveyed his interest in the property to himself and McGinn. Decedent died on June 27, 1990. Alleging a default in the monthly mortgage payments due January 17, 1991 and February 17, 1991, on March 13, 1991 plaintiff accelerated the obligation and declared the entire balance due. Upon defendants' default in payment thereof, plaintiff subsequently commenced this foreclosure action. In their answer, the corporation and the Coxeters (hereinafter collectively referred to as defendants) asserted counterclaims and cross claims alleging, among other things, that McGinn and plaintiff had conspired to cause a default and foreclosure of the mortgage in order to deprive defendants of the property. In her reply to the cross claim, McGinn asserted a cross claim for partition. Following service of all pleadings, plaintiff moved for an order granting summary judgment of foreclosure and sale and appointing a Referee, and McGinn moved for summary judgment on her cause of action for partition. Supreme Court granted both motions and defendants appeal.

We affirm. Turning first to the grant of summary judgment in favor of plaintiff, we disagree with the claim that plaintiff improperly rejected defendants' March 15, 1991 tender of past-due payments. In view of defendants' undisputed prior receipt of notice of plaintiff's election to accelerate the obligation, plaintiff was not required to accept less than the entire balance due *(see, Albertina Realty Co. v Rosbro Realty Corp.,* 258 NY 472; *National Sav. Bank v Hartmann,* 179 AD2d 76,

*lv denied* 79 NY2d 759; *cf., Sherwood v Greene,* 41 AD2d 881). Further, we conclude that defendants failed to come forward with competent evidence raising a legitimate factual issue on their claim that plaintiff conspired with McGinn to bring about the foreclosure. Notably, the representations plaintiff's officer is alleged to have made in order to lull defendants into a false sense of security were made *after* the loan had been accelerated and, thus, could not have induced the default. Defendants' enumeration of additional allegedly suspicious circumstances, such as a delay in recording the deed from decedent, are lacking in probative value.

We are of the further view that Supreme Court correctly granted summary judgment on McGinn's cross claim for partition. The defense to this cause of action is predicated upon the corporation's alleged partnership with decedent and, more particularly, the purported oral agreement that, in the event of decedent's death or the dissolution of the corporation, the surviving partner would be granted a first option to purchase the share of the other. However, the sole evidence to support the contention is Daniel Coxeter's self-serving testimony concerning a conversation with decedent. Because the Coxeters are clearly "interested in the event", the Dead Man's Statute (CPLR 4519) renders the proffered testimony inadmissible. Under the circumstances, Daniel Coxeter's statements failed to raise a factual issue sufficient to withstand summary judgment *(see, Matter of Coons,* 161 AD2d 930, 931).

In view of the grant of summary judgment in favor of plaintiff and McGinn, defendants' application for a stay of the foreclosure action was properly denied.

Weiss, P. J., Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.