■ McKESSON CORPORATION, Doing Business as S-P DRUG Co., Respondent, v S. FAROOQI et al., Appellants. [616 NYS2d 770] —In an action to enforce two identical guarantees, the defendants appeal from an order of the Supreme Court, Kings County (Vinik, J.), dated January 25, 1993, which granted the plaintiff's motion for summary judgment and denied their cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendants entered into two identical guarantees with S-P Drug Co., a wholly-owned subsidiary of McKesson Corporation (hereinafter McKesson). Thereafter, S-P Drug Co., as a subsidiary, was dissolved, and its assets were merged into McKesson. S-P Drug Co. then became a division of McKesson. McKesson seeks enforcement of the guarantees to satisfy a debt for goods sold and delivered to the debtor. Contrary to the defendants' contentions, McKesson possessed the right to seek enforcement of the guarantees executed by the defendants and S-P Drug Co. and summary judgment was properly granted. A corporate merger does not affect the validity of a guarantee held in favor of the merging corporation *(see, Metro Corrugated Containers v Owens-Illinois Glass Co.,* 185 F Supp 359; *Chatham Corp. v Argonaut Ins. Co.,* 70 Misc 2d 1028). Further, the rights of a company under a guarantee agreement survive the merger of that company with another, even though the originally-guaranteed company is not the survivor corporation of the merger *(see, CBS, Inc. v Film Corp.,* 545 F Supp 1382, citing *Bank of U.S. v Glickman,* 241 App Div 92, 94-95, *affd* 265 NY 539; *McElwain Co. v Primavera,* 180 App Div 288). Since the identity of S-P Drug Co. remained constant, and neither the management nor its way of doing business changed, the obligation of the defendants under the

guarantee agreement survived the merger, and hence McKesson is entitled to recover under the guarantees *(see, Fehr Bros. v Scheinman,* 121 AD2d 13; *In re Salzman,* 61 Bankr 878; *Anti-Hydro Co. v Castiglia,* 92 AD2d 741).

The defendants' further contention that judgment could not be entered because personal jurisdiction over the defendants remained at issue is meritless. In opposition to the plaintiff's motion for summary judgment, the defendants merely made a general reference to the "thirteen affirmative defenses" in their answer. The defendants did not make a cross motion to dismiss the complaint on the ground of lack of personal jurisdiction or request a hearing on the propriety of the service of process. Since the defendants did not submit evidentiary facts in support of the defense of lack of personal jurisdiction, the defendants have failed to set forth the merits of their defense *(see, Fairbanks Co. v Simplex Supply Co.,* 126 AD2d 882). A single statement asserting lack of personal jurisdiction in the defendants' answer is insufficient to preclude summary judgment.

The defendants' remaining contentions are without merit. Balletta, J. P., O'Brien, Copertino and Florio, JJ., concur.