OPINION OF THE COURT
William H. Keniry, J.
This is an action to foreclose a first mortgage on a 1.55-acre tract of land located in the Town of Malta, Saratoga County.
Plaintiff bank moves for summary judgment. Defendant Paul F. Tommell opposes the motion raising a somewhat novel *527 argument that a judgment foreclosing a mortgage and authorizing a judicial sale of a tract of land cannot be granted by the court until subdivision approval is given by the Planning Board of the Town of Malta.
On March 29, 1990 defendants Tommell and Petherick purchased two tracts of land from defendant Duncan, a 1.55-acre parcel which is the subject of this action and an adjacent 8.89- acre parcel. Separate deeds were given. Both parcels are described as being portions of premises purchased in 1986 by Duncan from one Smaldone. Defendants Tommell and Petherick borrowed $91,000 from plaintiff giving plaintiff a first mortgage on the 1.55-acre tract. The loan was to be repaid in monthly installments of $840.93. Defendants Tommell and Petherick simultaneously gave Duncan a first mortgage on the 8.89- acre tract and a second mortgage on the 1.55-acre tract.
Defendants Tommell and Petherick defaulted on August 1, 1993 in making their payments to plaintiff. This foreclosure action was commenced. Defendant Petherick is in default. Defendant Tommell has interposed a verified answer and asserts an affirmative defense that: "The mortgaged premises is not subdivided and therefore cannot be sold or offered for sale without an approved subdivision map, pursuant to the Town of Malta Subdivision Regulations.”
The law is settled that a mortgagee is entitled to summary judgment upon demonstrating the existence of a valid mortgage and the mortgagors’ default (Chase Lincoln First Bank v Dietrick, 184 AD2d 1032; Marine Midland Bank v Brown, 115 AD2d 523, Iv denied 67 NY2d 607). To defeat plaintiff’s motion, defendant Tommell must demonstrate a bona fide defense, coming forward with competent evidence raising a legitimate issue of triable fact (Albany Sav. Bank v Seventy-Nine Columbia St., 197 AD2d 816).
Defendant Tommell produces no evidence controverting plaintiff’s claim that the mortgagors are in default in making their monthly payments. Defendant argues, citing the Town of Malta’s local law governing subdivisions, that, absent the Planning Board’s approval of the subdivision of the tract, the court is unable to authorize the judicial sale needed to divest defendants of their interest in the property. A subdivision is defined in the Town’s local law as being "the division of any parcel of land into two or more lots * * * for immediate or future sale”. To be sure, a failure to obtain municipal subdivision approval may constitute a cloud on the marketability of *528 the property’s title.* RPAPL 1353 (3) provides that a purchaser who takes title by deed from a Referee after a foreclosure sale is vested with "the same estate only that would have vested in the mortgagee if the equity of redemption had been foreclosed”. Thus any defects in the mortgagor’s original title would not be cured. The court has not found, nor has defendant cited, any authority to the effect that a defect in a mortgagor’s title constitutes a valid defense to a foreclosure action.
Defendant Tommell overlooks the fact that, at the time he purchased the land, he participated in what appears to have been an unapproved subdivision of the Duncan tract. Since an action to foreclose a mortgage is still considered equitable in nature (see, 3A Warren’s Weed, New York Real Property, Mortgage Foreclosure, § 1.01 [2]), the fact that defendant presents himself to the court as a participant in what may constitute a violation of the Town’s local law is a relevant factor for the court to consider. In the court’s opinion, defendant cannot, in good faith, insulate himself from the consequences of his breach of the mortgage by arguing that a lawful subdivision of the land has not taken place.
As between plaintiff and defendant Tommell, such allegedly unapproved subdivision of the 1.55-acre tract does not constitute a defense to the foreclosure action and does not defeat plaintiff’s right to judgment of foreclosure and sale.
Plaintiff’s motion for summary judgment is granted with $100 costs. Plaintiff to submit an order providing for the appointment of a Referee to compute the amount due.

 The Town is not a party. There is no evidence in the record as to whether or not it considers the original conveyance to defendants to constitute an unapproved subdivision. The court proceeds on the basis that since plaintiff adduces no evidence of Town approval, that the 1990 sale of the two lots required the Planning Board’s approval and that such approval was not secured by defendants or Duncan.