In the Matter of RANDI MARKOWITZ. EDWARD J. CHESNIK, Respondent; NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant. [813 NYS2d 660]—

In a proceeding, inter alia, to impose a surcharge on the deceased conservator/trustee of the Randi Markowitz Supplemental Needs Trust, the surety National Union Fire Insurance Company of Pittsburgh, Pa., appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 16, 2005, which granted the petition directed it to pay the surcharge in the event of a default by the estate of the deceased conservator/trustee.

Ordered that the order is modified, on the law, by deleting the final decretal paragraph thereof; as so modified, the order is affirmed, without costs or disbursements.

There is no proof in the record that the appellant, the surety for the deceased conservator/trustee of the subject trust, was ever properly served with the order to show cause and the accompanying petition, received notice of the proceeding, or was afforded any opportunity to appear and defend its interests. Under those circumstances, it was error for the court to include, in the order appealed from, a decretal paragraph specifically directing the appellant to pay the subject surcharges in the event of a default by the estate of the deceased conservator/trustee. We therefore modify the order by striking the offending decretal paragraph.

The appellant's remaining contentions, which include substantive defenses to its obligations as surety, need not be addressed at this juncture. Because the order appealed from was entered without any opposition from the principal obligor, i.e., the estate of the deceased conservator/trustee, it is not binding upon the appellant surety, which may contest its liability for the subject surcharges if and when a proceeding is properly commenced against it (*see Shapiro v Marstone Distribs.,* 38 AD2d

604 [1971]; *see also Durable Group v De Benedetto*, 85 AD2d 524 [1981]; *U.S., for Use of Vigilanti v Pfeiffer-Neumeyer Constr. Corp.*, 25 F Supp 403, 405 [1938]). Adams, J.P., Ritter, Rivera and Covello, JJ., concur.