246 West 38 Holdings LLC, 
 Petitioner-Landlord-Respondent,
against
Tufamerica, Inc. d/b/a Tuff City, Records and Night Train International, Respondent-Tenant-Appellant, -and- XYZ, Inc. Respondent (Subtenant).



Tenant appeals from (1) a final judgment of the Civil Court of the City of New York, New York County (Jose A. Padilla, J.), entered February 26, 2016, which, upon a prior order granting landlord's motion for summary judgment, awarded landlord possession and a recovery of rent arrears in the principal sum of $30,891.20 in a commercial nonpayment summary proceeding, and (2) a judgment (same judge and Court), entered June 9, 2016, which awarded landlord attorneys' fees in the principal sum of $38,000.




Per Curiam.
Final judgment (Jose A. Padilla, J.) entered February 26, 2016, and judgment (Jose A. Padilla, J.) entered June 9, 2016, affirmed, with one bill of $25 costs.
We sustain the dismissal of the commercial tenant's affirmative defenses and counterclaims, albeit for reasons slightly different from those stated by Civil Court. Tenant's first and second affirmative defenses, alleging a lack of personal jurisdiction based upon improper service of the rent demand and notice of petition and petition, were properly stricken. Tenant's denial of service did not rebut the presumption of proper service established by the detailed affidavits of the process server (see HSBC Bank USA, Nat'l Assoc. v Dalessio, 137 AD3d 860, 863 [2016]). Tenant's remaining affirmative defenses, based upon an alleged eviction from the premises, were also properly dismissed. Having previously commenced a plenary action in Supreme Court seeking substantial damages based on this eviction, tenant "thereby waive[d] the eviction as a defense in an action for the rent" (487 Elmwood v Hassett, 107 AD2d 285, 288 [1985]). To the extent the motion court made a merits determination on these affirmative defenses, that determination is vacated. Tenant's counterclaims are barred by the counterclaim waiver provision contained in the lease (see Mid-Island Shopping Plaza Co. v Cutler, 112 AD2d 405, 408 [1985]; Bomze v Jaybee Photo Suppliers, 117 Misc 2d 957 [1983]).
Landlord's motion for summary judgment was properly granted. The evidentiary proof submitted established, and it was not seriously disputed, that the commercial tenant failed to pay the rent due and owing for the months of September through December 2015, in the total amount of $30,111.59.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 06, 2016