457 W. 50th St., LLC v Charlie Boy Enters., Inc. (2022 NY Slip Op
51034(U))

[*1]

457 W. 50th St., LLC v Charlie Boy Enters., Inc.

2022 NY Slip Op 51034(U) [76 Misc 3d 138(A)]

Decided on October 24, 2022

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 24, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570322/22

457 West 50th Street, LLC,
Petitioner-Landlord-Respondent, 
against
Charlie Boy Enterprises, Inc., Respondent-Tenant-Appellant, 
 and "XYZ Corp.," Respondent-Undertenant.

Tenant appeals from an order of the Civil Court of the City of New York, New York
County (Hilary Gingold, J.), entered July 12, 2022, which granted landlord's motion to
strike tenant's affirmative defenses and counterclaims, and for summary judgment on the
petition in a commercial nonpayment proceeding.

Per Curiam.
Order (Hilary Gingold, J.), entered July 12, 2022, affirmed, with $10 costs.
Landlord's motion for summary judgment on the nonpayment petition was properly
granted. The commercial tenant is not excused from performance under the lease because
of the COVID-19 pandemic. The Appellate Division, First Department has already
determined "that the pandemic cannot serve to excuse a party's lease obligations on the
grounds of frustration of purpose or impossibility" (Fives 160th, LLC v Qing Zhao, 204 AD3d 439 [2022]; see Knickerbocker Retail LLC v
Bruckner Forever Young Social Adult Day Care Inc., 204 AD3d 536 [2022]; 558 Seventh Ave. Corp. v Times
Sq. Photo Inc., 194 AD3d 561 [2021], appeal dismissed 37 NY3d 1040
[2021]). Although it was certainly more difficult and less profitable for tenant to operate
its business during the pandemic, it was never prevented from using the leased space and
remained open for outdoor restaurant service (see Valentino U.S.A., Inc. v 693 Fifth Owner LLC, 203 AD3d
480 [2022]). Tenant also paid the full lease rent from the commencement of the
lease in July 2020 through December 2021, when it began making partial payments.
Tenant's affirmative defenses and counterclaims were subject to dismissal, as the
defenses [*2]were pled in conclusory fashion without
supporting facts (see Bank of
Am., N.A. v 414 Midland Ave. Assoc., LLC, 78 AD3d 746, 750 [2010]), and
the commercial lease provision barring counterclaims was appropriately enforced (see
Mid-Island Shopping Plaza Co. v Cutler, 112 AD2d 405, 408 [1985]; 246 W. 38 Holdings LLC v
Tufamerica, Inc., 53 Misc 3d 152[A], 2016 NY Slip Op 51720[U][App Term,
1st Dept 2016]).
Tenant's contention that it is entitled to discovery is raised for the first time on
appeal, and therefore not properly before us (see Copp v Ramirez, 62 AD3d 23, 31 [2009], lv denied
12 NY3d 711 [2009]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: October 24, 2022