■ LAMPARTER ACOUSTICAL PRODUCTS, LTD., Respondent, v MARYLAND CASUALTY Co., Appellant.—In an action by a subcontractor on a bond guaranteeing payment of the obligation of a general contractor, the surety appeals from an order and judgment (one paper) of the Supreme Court, Nassau County, dated September 26, 1977, which, *inter alia,* granted summary judgment to the subcontractor. Order and judgment modified, on the law and and the facts, by deleting from the amount awarded the sum of $8,584, representing delay damages. As so modified, order and judgment affirmed, without costs or disbursements, and action remanded to Special Term for entry of an appropriate amended order and judgment. It is fundamental that a surety's liability on a contractor's payment bond is limited to the liability of the contractor. In the underlying agreement between the general contractor and the subcontractor, the subcontractor expressly agreed that the general contractor would not be liable for delay damages. Thus, the surety cannot be held liable for delay damages and that part of the order and judgment representing such damages must be deleted. It should also be noted that the subcontractor's claim for delay damages is preserved by virtue of an action brought by the general contractor against the owners on behalf of the subcontractor for such damages. Since the general contractor has paid the retainage claim, which was the event upon which payment was due, it is unnecessary for us to determine whether the contract provision requiring payment upon the happening of the event, is "a substantive condition of the legal responsibility to pay" (see *Schuler-Haas Elec. Co. v Aetna Cas. & Sur. Co.,* 40 NY2d 883, 885). Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.