■ RIVERSIDE IRON WORKS, INC., Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Travers, J.), entered December 1, 1988 in Rensselaer County, which denied plaintiff's motion for summary judgment.

In June 1984, Cowper Construction Company (hereinafter Cowper) entered into a written agreement with Rensselaer Polytechnic Institute (hereinafter RPI) under which Cowper became general contractor of a construction project at RPI's campus in the City of Troy, Rensselaer County. Shortly thereafter, defendant executed a labor and material payment bond naming Cowper as the "principal" and defendant as the "surety".

In November 1984, Cowper and plaintiff entered into a subcontract for certain work on the project. Article 4 of the subcontract provided as follows: "4.4 *Owner's Payments as Conditions Precedent to Monthly Progress and Final Payments.*

All payments called for in this Subcontract by Cowper to Subcontractor * * * are contingent upon * * * the conditions precedent of prior receipt by Cowper of payment from Owner * * *. Subcontractor understands, acknowledges, and agrees to expressly accept the risk that it will not be paid for its Work performed, or receive reserves withheld, to the extent Cowper is not fully paid by Owner or does not receive all reserves or retainages from Owner for any reason whatsoever, whether or not such reasons are related to subcontractor's work" (emphasis supplied). Plaintiff avers that it completed its subcontract work in July 1987. Thereafter, although Cowper had allegedly performed all of its obligations under the primary contract, RPI failed to pay the balance on the contract, which apparently included the money owed to plaintiff on its subcontract with Cowper. The undisputed balance due plaintiff was $87,372.90. Relying on article 4.4 of the subcontract, Cowper withheld final payment to plaintiff.

In December 1987, plaintiff commenced this suit to recover payment under the terms of the bond executed by defendant. Defendant answered, raising the affirmative defense that, under article 4.4 of the subcontract, Cowper had no obligation to tender payment to plaintiff until payment was received from RPI, and consequently defendant, as Cowper's surety, likewise had no payment obligation at that time. Plaintiff moved for summary judgment on its claim and for dismissal of defendant's affirmative defense. Supreme Court denied the motion, finding that a question of fact existed as to the intention of the parties in incorporating the terms of the risk of payment clause into the surety bond. Plaintiff appealed from the order denying its motion for summary judgment.

In the meantime, Cowper had commenced suit against RPI for the balance due on the primary contract and this suit was ultimately settled following the denial of plaintiff's motion for summary judgment in the instant case. After receipt of the settlement proceeds, Cowper paid plaintiff the undisputed $87,372.90 due on the subcontract. Plaintiff has pursued this appeal to establish its entitlement to recover interest and counsel fees.

On appeal, plaintiff contends that it is entitled to summary judgment based upon the terms of defendant's surety bond without regard to the provisions of plaintiff's subcontract, which was not even in existence at the time the bond was executed. In support of this contention, plaintiff relies on a provision in the surety agreement which states that the bond "shall be enforceable in accordance with the terms and provi-

sions of Section 137 of the State Finance Law". This statute provides that a subcontractor supplying labor or material on a construction project shall have a right to sue on the payment bond if he has not been paid in full within 90 days of the completion of his work (State Finance Law § 137 [3]). Thus, according to plaintiff, defendant became obligated to pay under the surety agreement upon the passage of 90 days from plaintiff's completion of the work under the subcontract.

In opposition, defendant argues that the bond only provided for payment of such sums "justly due" and that, in light of article 4.4 of the subcontract, plaintiff's motion papers failed to establish that any money was presently owed to plaintiff. In the absence of any evidence that the principal was in default, defendant contends that factual issues exist concerning his liability as surety under the bond.

Both parties rely on *Schuler-Haas Elec. Corp. v Aetna Cas. & Sur. Co.* (49 AD2d 60, *affd* 40 NY2d 883) as supporting their respective positions. In *Schuler-Haas,* a subcontractor commenced an action against the general contractor's surety for payment on a bond for work performed. The payment bond contained language substantially similar to that found in State Finance Law § 137 (3) *(see, supra,* at 63). Supreme Court denied the subcontractor's motion for summary judgment, finding that factual issues existed in light of a loosely drafted contractual term which provided that the subcontractor would be paid by the general contractor when the general contractor received payment from the owner. On appeal, the Fourth Department reversed and granted the subcontractor's motion, determining that the provision fixing a time for payment in the contract was insufficient as a matter of law to be construed as a condition precedent to the subcontractor's right to payment *(supra,* at 64-66). In its decision, however, the court opined that if the parties had "clearly expressed an intention that no subcontractor * * * should have a right to be paid or to sue on the payment bond until all questions relating to the contracts have been resolved and the owner has made his final payment due under the contract to the general contractor", then such an explicit provision would be effective as a condition precedent to the subcontractor's right to recover from the surety *(supra,* at 64).

Plaintiff, relying on the above-quoted language in *Schuler-Haas (supra),* contends that defendant's liability cannot be considered conditional upon RPI's payment to Cowper where the surety agreement, as opposed to the construction subcontract, has failed to set forth such an express condition prece-

dent. However, in *Schuler-Haas* and the cases from other jurisdictions cited therein *(Howard-Green Elec. Co. v Chaney & James Constr. Co.,* 12 NC App 63, 182 SE2d 601; *Wolfe Co. v Baltimore Contrs.,* 355 Mass 361, 244 NE2d 717; *Fishman Constr. Co. v Hansen,* 238 Md 418, 209 A2d 605; *Dyer Co. v Bishop Intl. Eng'g Co.,* 303 F2d 655 [6th Cir]; *Moore v Continental Cas. Co.,* 366 F Supp 954 [WD Okla]), the surety's liability under the bond was premised on the finding that the contractor-principal had breached the payment term of the subcontract. Thus, these cases are not authority for departure from the general rule that a surety's liability is to be measured by that of the principal *(see, Lamparter Acoustical Prods. v Maryland Cas. Co.,* 64 AD2d 693; 63 NY Jur 2d, Guaranty and Suretyship, § 553, at 712). In the instant case, the surety agreement does not contain a term waiving all defenses of the principal or which otherwise clearly indicates that defendant intended to be liable on the payment bond where there has been no default by Cowper, its principal. Nor are we persuaded that such broad liability is required by State Finance Law § 137. Thus, in our view, plaintiff has failed to establish, as a matter of law, its right to recover against defendant on the surety bond without regard to whether Cowper is liable to plaintiff under the terms of the subcontract.

We agree with Supreme Court's conclusion that here, the specificity of article 4.4 of the subcontract distinguishes this case from *Schuler-Haas* and is sufficient to create a triable issue of fact as to whether the parties intended the surety bond to be construed in conjunction with the risk of payment term of the subcontract. Finally, in light of our determination that plaintiff's motion for summary judgment was properly denied, we also conclude that plaintiff is not entitled to interest and counsel fees pursuant to State Finance Law § 137 (4) (c).

Order affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.