■ ROBERT A. MACKENNAN, as Temporary Substitute Conservator for HELEN H. MACKENNAN, Appellant, v AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Defendant and Third-Party Plaintiff-Respondent. NEIL REARDON, Individually and as Administrator of the Estate of EDITH M. REARDON, Deceased, Third-Party Defendant-Respondent.—In an action to recover on the surety bond of the late Edith M. Reardon as conservator for Helen H. MacKennan, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (King, J.), dated June 6, 1989, as directed the defendant to pay $11,800 plus costs and disbursements to the estate of Helen H. MacKennan.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly directed the defendant surety to repay only those

funds misappropriated from the conservatee's estate by the principal Edith M. Reardon. A surety's liability is derived from the liability of the principal, and thus as a general rule, a surety's liability may not exceed that of the principal *(see, United States v Seaboard Sur. Co.,* 817 F2d 956, *cert denied* 484 US 855; *Jones v Gelles,* 167 AD2d 636; *Riverside Iron Works v Insurance Co.,* 156 AD2d 919). Accordingly, the surety's liability at bar does not encompass funds misappropriated by the third-party defendant after the principal's death. Sullivan, J. P., Eiber, Harwood and Balletta, JJ., concur.