■ JODY SCHOENFELD, Appellant, v BLOOMINGDALE'S DEPARTMENT STORES, INC., et al., Defendants. LIBERTY MUTUAL INSURANCE COMPANY, Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 15, 1991, which denied plaintiff's motion to add defendant's insurer, Liberty Mutual Insurance Company, as a party-defendant, and to enforce as against it the settlement agreement entered into between the parties, unanimously affirmed, without costs.

Plaintiff asserts that she settled the instant action upon a mistake of fact originating with defendants' counsel, namely that the settlement amount of $7500 would not be subject to general creditor status in the bankruptcy proceedings involving defendant Bloomingdale's parent company. While this error might provide a basis for vacating the settlement agreement, it was never represented that payment would be made by respondent Liberty Mutual Insurance Company, Bloomingdale's insurer, nor was the settlement made on behalf of Liberty Mutual. Under these circumstances, plaintiff's motion to add Liberty Mutual as a party-defendant and to compel it to pay the settlement was properly denied. Concur—Milonas, J. P., Rosenberger, Kupferman, Ross and Smith, JJ.