**WEST–FAIR ELECTRIC CONTRACTORS, and L.J. Coppola, Inc., Plaintiffs–Appellees,**

v.

**AETNA CASUALTY & SURETY COMPANY, and Gilbane Building Company, Defendants–Appellants.**

**No. 673, Docket 94–7558.**

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1994.

Decided March 6, 1996.

See also, 656 N.E.2d 593.

George N. Toplitz, New York City (Max E. Greenberg, Trager, Toplitz & Herbst, New York City, of counsel), for Appellants.

Michael E. Greenblatt, White Plains, N.Y. (Thomas H. Welby, Welby & Welby, White Plains, N.Y., of counsel), for Appellee.

Hendrick, Phillips, Atlanta, GA, Denis B. Frind, Altieri, Kishner, Miuccio & Frind, New York City, for Amicus Curiae American Subcontractors Association and The Subcontractors Trade Association of New York, Inc.

Before: MESKILL, WINTER and MAHONEY, Circuit Judges.

PER CURIAM:

This case returns to us after our certification of questions of New York law to the New York Court of Appeals. The certification order sets forth the relevant background of this dispute, *West–Fair Elec. Contractors v. Aetna Casualty & Sur.*, 49 F.3d 48 (2d Cir.1995), and therefore, we summarize that background only briefly.

Non-party Fischer–Reese White Plains Associates L.P. (Fischer–Reese) retained defendant Gilbane Construction Co. (Gilbane) to complete a construction project in White Plains, New York. Gilbane, in turn, hired plaintiff L.J. Coppola, Inc. (Coppola) and other subcontractors for the project. Subsequent to Coppola's performing work on the project, Fischer–Reese became insolvent and did not pay Gilbane. Gilbane, in turn, did not pay Coppola approximately $220,000 for work performed under its subcontract.

Fischer–Reese did not provide a payment bond for Gilbane's benefit. Although Gilbane maintained a payment bond with defendant Aetna Casualty and Surety Company (Aetna) for the benefit of all of its subcontractors, Gilbane, relying on a "pay-when-paid" provision in the subcontract, refused to pay Coppola the $220,000. The "pay-when-paid" provision appeared in section 3.2 of the

subcontract and provided: "It is specifically understood and agreed that the payment to the trade contractor is dependent, as a condition precedent, upon the construction manager receiving contract payments, including retainer from the owner." Aetna, relying on Gilbane's limitation of liability, likewise refused to pay the amounts owed on the surety bond.

Coppola filed a complaint in the United States District Court for the Southern District of New York, Brieant, *J.*, seeking to recover on its written subcontract with Gilbane or on the surety bond executed by Aetna. In ruling on cross-motions for summary judgment, the district court entered judgment in Coppola's favor, concluding that the pay-when-paid provision violated New York public policy. After hearing oral argument, we concluded that the pay-when-paid provision created a condition precedent that transferred the risk of Fischer–Reese's default to Coppola, but certified to the New York Court of Appeals the question of whether a pay-when-paid provision "which transfers the risk of an owner's default from a general contractor to a subcontractor, violates the public policy of New York as set forth in the Lien Law." *West–Fair Elec. Contractors,* 49 F.3d at 51.

We also certified the question of whether a general contractor's surety owes an independent or contingent duty to pay a subcontractor under a payment bond. The New York Court of Appeals answered the first question in the affirmative. *West–Fair Elec. Contractors v. Aetna Casualty & Sur.,* 87 N.Y.2d at 159, 638 N.Y.S.2d at 399, 661 N.E.2d at 972 (1995). In light of its answer to the question of whether the pay-when-paid provision violated New York public policy, the New York Court of Appeals declined to answer the second question. Likewise, it is unnecessary for us to reach the merits of that issue.

The New York Court of Appeals reasoned that a pay-when-paid provision which oper-ates as a true condition precedent, rather than as a mere schedule for the disbursement of payments, requires a subcontractor to await payment until the general contractor has been paid by the owner. Because the subcontractor's right to receive payment is contingent upon this uncertain event, and because a subcontractor cannot enforce a mechanic's lien until the debt becomes due and payable, *see, e.g., In re Schiavone Constr. Co.,* 181 A.D.2d 580, 581 N.Y.S.2d 322 (1st Dep't 1992), the pay-when-paid condition precedent operates to waive Coppola's rights to enforce its mechanic's liens. The New York Court of Appeals concluded that this result conflicts with New York's Lien Law, which voids any agreement to waive rights granted under the Lien Law. Thus, the court held that a pay-when-paid provision which transfers the risk of an owner's default from a general contractor to a subcontractor violates the public policy of New York as set forth in the Lien Law. *West–Fair Elec. Contractors,* 87 N.Y.2d at 159, 638 N.Y.S.2d at 399, 661 N.E.2d at 972.[1]

■ Defendants-appellants also contend that the district court erred in granting summary judgment with respect to damages. More specifically, they contend that the amount owed Coppola under the subcontract is a genuine issue for trial. In support of this argument, they cite to conclusory statements in the affidavit filed in reply to Coppola's cross-motion for summary judgment. These statements, in essence, merely assert that there is a dispute over the amount owed under the subcontract. Such conclusory statements are not sufficient to satisfy appellants' "burden of coming forward with evidence directed to specific facts showing that there is a genuine issue for trial." *Jamesbury Corp. v. Litton Indus. Prods.,* 839 F.2d 1544, 1548 (Fed.Cir.), *cert. denied,* 488 U.S. 828, 109 S.Ct. 80, 102 L.Ed.2d 57 (1988). Thus, the district court did not err in grant-

---

1. New York Lien Law § 3 permits a subcontractor who has performed work with the consent of the owner or its agent to impose a lien on the property for the principal and interest of the value or the agreed price of the labor and materials. N.Y. Lien Law § 3 (McKinney 1993). New York Lien Law § 34 states that any contract or agreement "whereby the right to file or enforce any lien created under article two [Mechanic's Liens] is waived, shall be void as against public policy and wholly unenforceable." N.Y. Lien Law § 34 (McKinney 1993).

ing summary judgment with respect to damages.

In light of the decision of the New York Court of Appeals on the question certified, and in light of appellants' failure to controvert Coppola's showing of damages, we affirm the decision of the district court denying Gilbane's and Aetna's motion for summary judgment and granting Coppola's cross-motion for summary judgment.

## CONCLUSION

 The New York Court of Appeals, in response to our certification order, has confirmed the district court's interpretation of New York public policy, as embodied in the New York Lien Law. Thus, the judgment of the district court is affirmed.