■ CARPENTER'S LOCAL UNION No. 964 PENSION FUND et al., Plaintiffs, v NYACK WATERFRONT ASSOCIATES et al., Defendants, HELMER-CRONIN CONSTRUCTION Co., INC., et al., Respondents, and SPEARIN, PRESTON & BURROWS, INC., Appellant. [640 NYS2d 620] —In an action, *inter alia,* to foreclose a mortgage, the defendant Spearin, Preston & Burrows, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Beisner, J.), entered October 6, 1994, as denied its motion for summary judgment on its cross claims as-

serted against Helmer-Cronin Construction Co., Inc., and Aetna Casualty & Surety Company.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

This action was commenced by the plaintiff Carpenter's Local Union No. 964 Pension Fund to foreclose upon a mortgage held by it, as mortgagee, upon land owned by the defendant Nyack Waterfront Associates. Nyack Waterfront Associates hired the defendant Helmer-Cronin Construction Co., Inc. (hereinafter Helmer-Cronin), as a general contractor to develop the land. Helmer-Cronin entered into a subcontract with the appellant to perform, *inter alia,* demolition and removal of offshore pilings at a cost of $1,683,300. The appellant alleged that it had fully performed under the subcontract and that Helmer-Cronin failed to pay the sum of $466,070.91. Accordingly, the appellant filed a mechanic's lien in the amount of $466,070.91 against the project. Helmer-Cronin obtained a bond from Aetna Casualty & Surety Company in the sum of $500,000 for the purpose of discharging the lien. The appellant moved for summary judgment against Helmer-Cronin on its subcontract and against Aetna Casualty & Surety Company on the bond. The Supreme Court denied the motion.

The appellant contends that there are no questions of fact as to whether the work it performed was satisfactory and approved by Helmer-Cronin, and whether the amount of payment it sought for additional work it performed represented the actual or fair and reasonable value of such work. We disagree. The president of Helmer-Cronin testified at an examination before trial that a certification of completion of the appellant's work was never received. He also testified that, as far as he knew, the work was acceptable and complete, but that he had no proof that it was. He also testified that concrete on some of the pilings had deteriorated and that the problem was never resolved. In addition, although Helmer-Cronin clearly requested and approved one item of the additional work allegedly completed by the appellant, it is unclear as to who requested the other items. Moreover, it is not ascertainable from the record whether the amounts sought for the items of additional work represent the actual or fair and reasonable value of such work. Thus, questions of fact exist which warranted the Supreme Court's denial of the appellant's motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

The appellant's remaining contentions are without merit. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.