Joseph M. WHITING, Plaintiff,

v.

**INCORPORATED VILLAGE OF OLD BROOKVILLE, Old Brookville Board of Police Commissioners, Charles K. Smith, John Post, and Maurice Sullivan, Defendants.**

No. 96–CV–3442 (ADS).

United States District Court, E.D. New York.

Dec. 7, 1999.

David M. Fish, New York City, for plaintiff.

Thurm & Heller, Board of Police Commissioners, by Milton Thurm, of counsel, New York City, for defendants Incorporated Village of Old Brookville and Old Brookville.

Hopkins, Kopilow & Weil, Garden City, NY, by Stanley R. Kopilow, of counsel, for defendants Charles Smith, John Post, and Maurice Sullivan.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case concerns allegations under 42 U.S.C. § 1983 by the Plaintiff, a former police office in the Village of Old Brookville, that his discharge from the force violated his right to equal protection and freedom of speech. Presently before the Court are motions by the individual Defendants, Chief of Police Charles Smith, Lieutenant Maurice Sullivan, and Lieutenant John Post for summary judgment dismissing the complaint against them.

### BACKGROUND

This Court's previous discussion of the factual circumstances of this case in *Whiting v. Village of Old Brookville*, 8 F.Supp.2d 202 (E.D.N.Y.1998) is incorporated herein by reference. In short, the Plaintiff, an individual who identifies himself as an "Italian–American," alleges that he was discriminatorily discharged from his position as a police officer in the Old Brookville Police Department because of his race and ethnicity. He also alleges that his termination was retaliatory, resulting from his speaking out regarding alleged improprieties committed by supervisors in the Old Brookville Police Department.

In the fall of 1992, following a citizen complaint, an internal investigation was undertaken by Defendants Sullivan and Post. Following the investigation, on February 1, 1993, Sullivan filed 6 charges of misconduct against the Plaintiff. The Plaintiff then filed a complaint with the Equal Employment Opportunity Commission. Thereafter, Sullivan filed amended charges on April 2, 1993, accusing the Plaintiff of a total of 60 acts of misconduct. Over several days in the summer of 1993, the charges were tried before Richard Goodwin, the Hearing Officer designated by the Police Department. At the conclusion of the hearing, Goodwin found the Plaintiff guilty of misconduct on 19 of the charges and recommended his dismissal from the Old Brookville Police force. The Old Brookville Board of Police Commissioners adopted Goodwin's recommendation and terminated the Plaintiff on December 1, 1993.

The Plaintiff then commenced this action against numerous individual and municipal defendants, alleging a variety of causes of action under state and federal

law. In its prior decision, this Court dismissed most of the claims and dismissed the complaint against a number of the named Defendants. As the case now stands, three causes of action under 42 U.S.C. § 1983 are alleged against the remaining Defendants: (i) that the Plaintiff's discharge was in retaliation for his speaking out on matters of public concern, thus violating his right to free speech; and that his termination was both (ii) ethnically and (iii) racially discriminatory in violation of his right to equal protection, both apparently referring to his heritage as an Italian–American.

Defendants Smith, Post, and Sullivan now move for summary judgment dismissing the claims against them in their individual capacities on the grounds that they were not personally involved in the decision to terminate the Plaintiff's employment. They claim that the undisputed facts show that the decision to terminate the Plaintiff was made by Hearing Officer Goodwin in the first instance, and subsequently adopted by the Board of Police Commissioners.

The Plaintiff acknowledges that Section 1983 liability can only be founded on an individual's personal involvement in the constitutional deprivations, but alleges that Defendants Smith, Post and Sullivan *were* personally involved in the deprivation of his rights. The Plaintiff contends that Defendant Sullivan filed the departmental charges against the Plaintiff knowing that the charges were unsubstantiated, and further, that he testified falsely at the hearing on the charges. The Plaintiff states that Defendant Smith, as Chief of Police, authorized the filing of charges by Sullivan, and further had the ultimate authority to set aside the Board's decision dismissing the Plaintiff. The Plaintiff asserts that Defendant Post's involvement with the Plaintiff's termination involved his investigation with Defendant Sullivan of the initial citizen complaint that led to the charges being filed against the Plaintiff.

## DISCUSSION

Summary judgment is appropriate if the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Wilkinson v. Russell,* 182 F.3d 89, 96–97 (2d Cir.1999); *In Re: Blackwood Associates, L.P.,* 153 F.3d 61, 67 (2d Cir. 1998). The Court must resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Quaratino v. Tiffany & Co.,* 71 F.3d 58 (2d Cir.1995); *Twin Laboratories, Inc. v. Weider Health & Fitness,* 900 F.2d 566, 568 (2d Cir.1990). Once a party moves for summary judgment, the non-movant may not simply rest on the allegations in the pleadings, but must come forward with specific facts showing that a genuine issue for trial exists. *West–Fair Elec. Contractors v. Aetna Cas. & Surety Co.,* 78 F.3d 61, 63 (2d Cir.1996); *see also Western World Ins. Co. v. Stack Oil, Inc.,* 922 F.2d 118, 121 (2d Cir.1990). Mere conclusory allegations, speculation, or conjecture will not avail a party resisting summary judgment, *Kulak v. City of New York,* 88 F.3d 63, 70 (2d Cir.1996), but if there is evidence in the record as to any material fact from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *Holt v. KMI–Continental, Inc.,* 95 F.3d 123 (2d Cir.1996). At its core, the Court's function in deciding a motion for summary judgment is "issue finding," not "issue resolution." *Gallo v. Prudential Residential Services,* 22 F.3d 1219, 1224 (2d Cir.1994).

 Section 1983 imposes liability only upon those who actually cause a deprivation of rights, and thus, the "personal involvement of [each] defendant in alleged constitutional deprivations" is a necessary element of a Section 1983 claim. *Snider v.*

*Dylag,* 188 F.3d 51 (2d Cir.1999); *Blyden v. Mancusi,* 186 F.3d 252, 264 (2d Cir. 1999), *citing Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994). This "personal involvement" may take the form of direct participation in the deprivation, a defendant's failure to remedy an alleged wrong after learning of it, the creation of a policy or custom of unconstitutional practices, or gross negligence in managing subordinates. *Black v. Coughlin,* 76 F.3d 72, 74 (2d Cir.1996), *citing Wright, supra.; Mulligan v. Travis,* 1999 WL 759980 (E.D.N.Y. 1999).

### A. As to Defendant Post

The Plaintiff alleges that, along with Sullivan, Defendant Post participated in the initial investigation of the citizen complaint that led to the charges against the Plaintiff, and that Post also testified at the Plaintiff's disciplinary hearing.

The Plaintiff's claims involving Post fall far short of the level necessary to raise an issue of fact as to Post's personal involvement in the denial of the Plaintiff's rights. The Plaintiff does not allege that Post engaged in any wrongdoing during the investigation, nor does he contend that he testified falsely at the disciplinary hearing. Absent some factual allegation that Post personally engaged in some wrongdoing which contributed to the Plaintiff's discharge, the Plaintiff cannot survive a motion for summary judgment by merely implicating Post as a person whose actions set the disciplinary process in motion, *Williams,* 781 F.2d at 324 (mere preparation of charge of misconduct that another individual adjudicated did not amount to "personal involvement"), or who offered truthful testimony at a hearing, *Maldonado v. Candidus,* 1999 WL 13736 (S.D.N.Y.1999).

Post's involvement in this case is similar that of the defendant in *Taylor v. Brentwood Union Free School District,* 143 F.3d 679 (2d Cir.1998). There, a teacher alleged under Section 1983 that an Assistant Principal discriminated against the teacher because of his race and his opposition to school policies by initiating a disciplinary process that resulted in the teacher's suspension. 143 F.3d at 380. The Assistant Principal initially investigated two complaints that the teacher had assaulted students and forwarded her findings to District officials. 143 F.3d at 687. Upon receiving this information, the District conducted its own investigation and independently preferred charges against the teacher. *Id.* The District conducted a hearing, at which the Assistant Principal was a witness, and found the teacher guilty of one of the charges. 143 F.3d at 683. This Court denied the Assistant Principal's motion for judgment as a matter of law, and sent the case to the jury. Although the jury held the Assistant Principal liable for violating the teacher's rights, the Second Circuit reversed, finding that the Assistant Principal's actions, although found by the jury to be racially motivated, were not the cause of the teacher's suspension; rather, the District's intervening investigation, preferring of charges, hearing, and determination were sufficient to break any connection between the Assistant Principal's actions and the teacher's ultimate suspension. 143 F.3d at 687.

Similarly, here, Post's involvement with the Plaintiff's termination consisted solely of an initial investigation and testimony at the Plaintiff's hearing; the same actions taken by the Assistant Principal in *Taylor.* As in *Taylor,* the decisions to prefer charges, to determine the Plaintiff's guilt, and to select a penalty were made by others, not by Post. On these facts, then, the Court is compelled to reach the same result as the Second Circuit in *Taylor:* a finding that Post cannot be liable under Section 1983 as a matter of law.

Therefore, Post's motion for summary judgment dismissing the complaint against him is granted.

### B. As to Defendant Sullivan

In sharp contrast to the allegations against Defendant Post, the Plaintiff has

specifically alleged several acts of clear wrongdoing against Defendant Sullivan. The Plaintiff contends that the charges filed by Sullivan against the Plaintiff were known to Sullivan to be unfounded, and that he further testified falsely against the Plaintiff at the hearing. The complaint further alleges that in 1989, Sullivan referred to the Plaintiff as "a know-it-all Guinea," and that the Plaintiff once reported illegal drug use by Sullivan to the Nassau County District Attorney. Assuming that all these allegations are true, as the Court must at this stage, the Court finds that the Plaintiff has alleged sufficient personal involvement by Sullivan in the deprivation of his rights to state a claim under Section 1983. While Sullivan may not have been the individual who made the ultimate determination to terminate the Plaintiff, it is fair to assume that his one-two punch of meritless charges and false testimony was a direct and proximate cause of the Plaintiff's termination for misconduct. This direct cause-and-effect link between Sullivan's actions and the Plaintiff's termination suffices to meet the "direct involvement" element of a Section 1983 claim against Sullivan. *See Snider v. Dylag,* 188 F.3d 51 (2d Cir.1999) (prison guard who declared "open season" on inmate found liable under § 1983 for subsequent beating of inmate by fellow prisoners, even though guard was not present for the assault and did not participate directly in it); *Colon v. Coughlin,* 58 F.3d 865, 873 (2d Cir.1995) (allowing inmate to name prison official who allegedly arranged retaliatory cell search, but did not participate in it). The allegations against Sullivan clearly preclude summary judgment under *Taylor, supra,* because, unlike the Assistant Principal in *Taylor,* Sullivan had a direct involvement in the Plaintiff's subsequent termination. *See* 143 F.3d at 686–87.

Therefore, Defendant Sullivan's motion for summary judgment is denied.

## C. As to Defendant Smith

The Plaintiff alleges that Defendant Chief of Police Smith participated in the Plaintiff's termination by approving the charges filed by Sullivan, by attempting to discourage witnesses favorable to the Plaintiff from testifying at the disciplinary hearing, and by refusing to exercise his authority as Chief of Police to modify the penalty of termination assessed against the Plaintiff.

■ Taking these allegations as true, as the Court must on a motion for summary judgment, the Plaintiff has sufficiently raised a material issue of fact as to whether Smith directly participated in the deprivation of his civil rights. Under *Taylor,* Smith's approval of the preferring of charges and his alleged control of the ultimate disposition demonstrates his personal involvement in the Plaintiff's dismissal. 143 F.3d at 687. Moreover, the Plaintiff has alleged that Smith deliberately interfered with the Plaintiff's right to put on a defense by attempting to coerce the Plaintiff's witness not to testify, and then allowed the hearing officer's decision to stand despite that coercion. These acts constitute sufficient allegations of personal involvement to present the case against Smith to a jury. *See Wright v. Smith,* 21 F.3d 496, 502 (2d Cir.1994) (finding sufficient personal involvement in deprivation where defendant denied plaintiff his right to a fair hearing, including, *inter alia,* the right to call witnesses); *Williams v. Smith,* 781 F.2d 319, 324 (2d Cir.1986) (denying summary judgment to defendant who adopted hearing officer's determination despite allegation that plaintiff was denied the right to call witnesses in his defense at the hearing).

### CONCLUSION

For the reasons stated above, the motions for summary judgment by the Defendants Smith and Sullivan are DENIED. The Defendant Post's motion for summary judgment is GRANTED, and the complaint is dismissed as to him. The Clerk

of the Court is to amend the caption of the case to reflect the dismissal as to the Defendant Post.

**SO ORDERED**