**Alvin PETERSON, Plaintiff–Appellant,**

v.

**T. SEAMEN, et al., Defendant–
Appellee.**

**Docket No. 01–0028.**

United States Court of Appeals,
Second Circuit.

Jan. 7, 2002.

Alvin Peterson, Dannemora, NY, pro se.

Eliot Spitzer, Attorney General of the
State of New York, Peter H. Schiff, Senior
Counsel, Kathleen M. Treasure, Assistant
Solicitor General, Albany, NY, for Defendant–Appellee.

Present LEVAL, CABRANES and
STRAUB, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON
DUE CONSIDERATION, IT IS HERE
BY ORDERED, ADJUDGED AND DE
CREED that the judgment of the District
Court is hereby AFFIRMED.

Plaintiff–Appellant Alvin Peterson, pro
se, appeals from the January 22, 2001
judgment of the United States District
Court for the Northern District of New
York (Frederick J. Scullin, Jr., Judge)
granting summary judgment to Defendant
Appellee T. Seamen and dismissing Mr.
Peterson's claim that he was denied adequate medical attention and treatment, in
violation of the Eighth Amendment and 42
U.S.C. § 1983. Mr. Peterson also stated
claims against several other defendants,
but the District Court dismissed the complaint as against those defendants except
Mr. Seamen, and before us, Mr. Peterson
challenges only the dismissal against Mr.
Seamen.

On appeal, Mr. Peterson argues that
Mr. Seamen, a nurse at the Bare Hill Correctional Facility, acted with deliberate indifference in attending to him after he sustained an injury to his leg and ankle.
Specifically, Mr. Peterson alleged that Mr.
Seamen pulled, rather than cut, his sock
off to examine him, causing him great
pain, and later refused his request to be
sent to an outside hospital immediately,
instead wrapping his leg in a bandage,
dispensing ice packs, Motrin, and a pair of
crutches, and scheduling him for x-rays
the following morning. The x-rays and a
subsequent hospital examination revealed
a broken leg, dislocated ankle, and an infection. Mr. Peterson ultimately required
surgery.

We review summary judgment orders de
novo, focusing on whether the district
court properly concluded that the moving
party was entitled to judgment as a matter
of law. See *Allstate Ins. Co. v. Mazzola*,
175 F.3d 255, 258 (2d Cir.1999). To do
this, we resolve all ambiguities and factual
inferences in favor of the nonmoving party,
bearing in mind that the non-movant cannot prevail simply by offering conclusory
allegations. See *Kulak v. City of New
York*, 88 F.3d 63, 71 (2d Cir.1996). Rather, to defeat a summary judgment motion,
the non-moving party must come forward
with specific facts that create a genuine
issue for trial. See, e.g., *West–Fair Elec.*

*Contractors v. Aetna Cas. & Sur. Co.,* 78 F.3d 61, 63 (2d Cir.1996) (per curiam).

Reviewing the District Court's decision de novo, we agree that there are no genuine issues of material fact and that summary judgment was properly granted for Mr. Seamen. Accordingly, for the reasons stated in the District Court's thoughtful and thorough opinion, see *Peterson v. Seamen,* No. 97 Civ. 1508 (N.D.N.Y. January 22, 2001), the judgment of the District Court is hereby AFFIRMED.