**Mukand L. ANEJA, Plaintiff–Appellant,**

v.

**TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Defendant–Appellee.**

Docket No. 01–7768.

United States Court of Appeals, Second Circuit.

May 23, 2002.

Mukand L. Aneja, Park Ridge, NJ, pro se.

Gloria E. Colon (Hoguet, Newman & Regal, LLP), New York, NY, for Appellee.

Present MINER, and SACK, Circuit Judges, and BERMAN, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court, dated May 25, 2001, be, and it hereby is, AFFIRMED.

Mukand L. Aneja, *pro se,* appeals from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge* ) granting summary judgment to his former employer, the Triborough Bridge and Tunnel Authority ("TBTA"), on his claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

On October 4, 1996, Aneja sued the TBTA for age and national origin discrimination, asserting claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.,* 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1981, and the FLSA. Following discovery, TBTA moved for summary judgment. In a decision from the bench, upon which the clerk of the court entered judgment on October 27, 1999, the district court granted TBTA's motion. On December 7, 2000, we affirmed the court's dismissal of Aneja's Title VII, ADEA, and 42

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

U.S.C. § 1981 claims, but remanded for further proceedings on his FLSA claims because the district court did not address them expressly. *Aneja v. Triborough Bridge & Tunnel Auth.*, 242 F.3d 364 (2d Cir.2000) (unpublished table decision).

On remand, the district court granted the TBTA summary judgment on the FLSA claims on the ground that Aneja worked for the TBTA in a *bona fide* professional capacity and therefore failed to state a claim under the FLSA. *See* 29 U.S.C. § 213(a)(1) (exempting from the FLSA's overtime-compensation provisions "any employee employed in a bona fide executive, administrative, or professional capacity"). The court observed that while employed by the TBTA, Aneja (1) earned a salary of $68,000; (2) worked in a field requiring professional knowledge and training, viz., engineering; and (3) exercised discretion and judgment regularly. Hearing Tr. at 5.

On appeal, Aneja argues (1) that the district court's judgment did not comply with due process; (2) that he was not exempt from the FLSA because (a) under the "duties test," he spent the majority of his time performing supervisory tasks rather than engineering work, (b) under the "salary test," he was an at-will employee, and (c) he was performing a public service and lacked the authority to hire, fire, and promote those under his supervision; (3) that the TBTA retaliated against him in violation of the FLSA; and (4) that the TBTA's answer to his amended complaint was time-barred because it failed to address his FLSA claim.

We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999), *cert. denied*, 529 U.S. 1098, 120 S.Ct. 1832, 146 L.Ed.2d 776 (2000). The district court must grant summary judgment if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* To defeat summary judgment, the nonmoving party must come forward with specific facts that create a genuine issue for trial, *West–Fair Elec. Contractors v. Aetna Cas. & Sur. Co.*, 78 F.3d 61, 63 (2d Cir.1996) (*per curiam*); conclusory allegations will not suffice, *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir.1996).

Employees protected by the FLSA's overtime provisions must be compensated at a rate not less than one and one-half times their "regular rate" for each hour above forty in a workweek. 29 U.S.C. § 207(a)(1); *see Freeman v. National Broadcasting Co.*, 80 F.3d 78, 82 (2d Cir.1996). But Congress "expressly exempted persons 'employed in a bona fide executive, administrative, or professional capacity' from the FLSA's overtime requirements." *Id.* (quoting 29 U.S.C. § 213(a)(1)). The Code of Federal Regulations defines professional employees as those who receive compensation "of not less than $250 per week," 29 C.F.R. § 541.3(e); whose principal duties involve specialized scientific or other knowledge and training, 29 C.F.R. § 541.3(a)(1); and whose work requires "the consistent exercise of discretion and judgment," 29 C.F.R. § 541.3(e). An employee is paid "on a salary basis," for purposes of the FLSA if

he or she "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.118(a).

■ Bearing these definitions in mind, we agree that Aneja failed to identify a genuine issue of material fact that suffices to defeat summary judgment. For the reasons stated by the district court in its oral decision, Aneja worked in a *bona fide* professional capacity for the TBTA. That his work involved supervising others, in addition to engineering tasks, does not alter his status as a professional employee within the meaning of the FLSA. And Aneja's lack of authority to hire, fire, and promote employees does not affect our analysis. The "public service" nature of the work that he performed is likewise irrelevant. Aneja's at-will employment, finally, is not consistent with his being paid "on a salary basis," as defined above; he periodically received paychecks that constituted a portion of his compensation and that did not vary depending on the quality or quantity of the work he performed. *See* 29 C.F.R. § 541.118(a).

■ Aneja's retaliation claim fails because the FLSA's retaliation provision, 29 U.S.C. § 215(a)(3), "limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor." *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir.1993). Aneja never filed a formal complaint for violations of the FLSA before his termination.

Finally, we see no indication that the district court's judgment did not comply with due process.

For the above reasons, the district court's judgment is hereby AFFIRMED.