16-1130-cv
*Montanez v. The Cheesecake Factory Restaurants, Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:  RALPH K. WINTER,
JOSÉ A. CABRANES,
GERARD E. LYNCH,
  *Circuit Judges.*

---

ISAAC MONTANEZ,

  *Plaintiff-Appellant*,          16-1130-cv

  v.

THE CHEESECAKE FACTORY RESTAURANTS, INC.,

  *Defendant-Appellee,*

CHRISTIAN LUNA, KITCHEN MANAGER, SHAWN REED, GM, DAMON NOBLE, MANAGER, CLINT MALEK,

  *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**          Isaac Montanez, *pro se*, Albany, NY.

**FOR DEFENDANT-APPELLEE:**   Clemente J. Parente, Counsel of Record, Kristi Rich Winters, Jackson Lewis, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Appellant Isaac Montanez, proceeding *pro se*, appeals from the District Court's determination that a prior settlement agreement barred his federal discrimination claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *Willey v. Kirkpatrick*, 801 F.3d 51, 61–62 (2d Cir. 2015). A Title VII plaintiff may waive his claims, but a court should accept a waiver only if it was knowing and voluntary. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 438 (2d Cir. 1998). To determine where a waiver was knowing and voluntary, a court considers the totality of the circumstances. *Id.* Relevant factors include the amount of time the plaintiff had possession of or access to the agreement before signing it, the role of the plaintiff in deciding the terms of the agreement, the clarity of the agreement, and whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law. *Id.*

Upon review, the totality of the circumstances demonstrates that Montanez's waiver was knowing and voluntary. The New York State Division of Human Rights facilitated the settlement. Montanez had over a week to review the two-page agreement. The agreement was clear and included an unambiguous waiver provision. And Montanez received consideration in exchange for the waiver. Montanez's contention that the release provision excluded his federal employment discrimination claim fails: he waived any "employment discrimination claims arising under local, state or federal statute."

## CONCLUSION

We have reviewed all of the arguments raised by Montanez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 22, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk